State, *ex rel.*, *v.* Agee.

STATE, *ex rel.*, *v.* AGEE.

(*Knoxville.* November 17, 1900.)

QUO WARRANTO. *Power of District Attorney over.*

The District Attorney by whose consent and authority a proceeding in the nature of *quo warranto* has been instituted to impeach the title to a public office, has the right and power to dismiss and discontinue the same, whenever he deems that the public interests demand that course.

Code construed: §§ 5168–5170 (S.); §§ 4149–4151 (M. & V.); §§ 3412–3414 (T. & S.).

Cases cited: State *v.* Turnpike Co., 3 Tenn. Chy., 363; State *v.* McConnell, 3 Lea, 337; State *v.* Johnson, 8 Lea, 74.

FROM CAMPBELL.

Appeal from Chancery Court of Campbell County. HUGH G. KYLE, Ch.

JOUROLMON, WELCKER & HUDSON for Relator.

J. E. JOHNSTON and LUCKY, SANFORD & FOWLER for Agee.

BEARD, J. The bill in this cause was filed by the District Attorney-general in the name of the State of Tennessee upon the relation of E. T. Warner, claiming to be Mayor, and G. A. La-

Follette and R. B. Winkler, claiming to be Alder-
men, of the city of LaFollette, against respondents.
who, as the result of an election recently held in
that city, were claiming title to various municipal
offices in that city. The proceeding is on informa-
tion in the nature of a *quo warranto,* instituted
by the State for the purpose of impeaching this
title. Pending the suit in the Chancery Court,
the District Attorney General petitioned the Chan-
cellor for leave to dismiss the suit, alleging that,
upon investigation, he had become satisfied that it
was not to the best interest of the State to fur-
ther prosecute it. For some reason this petition
was not granted. Subsequently the petition was
called to the attention of the Court by a motion
to dismiss made by the solicitor of the respond-
ents, which was overruled. This action of the
Court is made the basis of an assignment of
error by the respondents.

The bill in the case was filed under §§ 5168,
5169 and 5170 of the (Shannon's) Code, and the
signature of the Attorney-general to it was es-
sential. *State* v. *Turnpike Company,* 3 Tenn.
Chancery, 163; *State* v. *McConnell,* 3 Lea, 337;
*State* v. *Johnson,* 8 Lea, 74.

And it is "beyond all doubt the suit provided
for under these sections was intended to be a
suit by the State to subserve the public interests."
*Id.*

From these premises it follows that the District

attorney-general's consent is necessary to a continuation of such suit; that it must remain under his control during its prosecution, so that should he find, after its institution, that the best interests of the State require its discontinuance, it is his right to move, and the duty of the Court to order, its dismissal.

Such is the view with regard to the control of the State's representative over *quo warranto* proceedings instituted under statutes like ours, taken in *Mathews* v. *State,* 82 Texas, 577; *People* v. *Knight,* 13 Michigan, 231; *Com.* v. *Dillon,* 81 Pa. St., 44.

The Chancellor was in error in retaining the suit after this petition was filed. On this ground the decree of the Court of Chancery Appeals dismissing the bill is affirmed.