STATE, *ex rel., v.* TURNPIKE COMPANY.

(*Nashville.*   December Term, 1903.)

1.  **QUO WARRANTO.**  **Statutory action in the nature of, under control of district attorney-general, and not relators.**

    Although a suit may be instituted for the forfeiture of the charter of a corporation, in the name of the State, by the attorney general of the district where brought, on information of any person, on giving security for costs, such suit is under the control of the district attorney-general, and may be dismissed on his motion or petition, without the consent of the relators.    (*Post, pp.* 616-620.)

    Code cited and construed:   Secs. 5165-5169 (S.); secs. 5146-5150 (M. & V.); secs. 3409-3413 (T. & S. and 1858).

    Cases cited and approved:   State, ex rel., v. Turnpike Co., 3 Tenn. Chy., 163; State v. McConnell, 3 Lea, 333; State v. Campbell, 8 Lea, 74; State, ex rel., v. Agee, 105 Tenn., 588.

2.  **SAME.**  **Same. Power of district attorney-general not affected by liability of relators for costs.**

    The liability for costs is one of the perils assumed by relators in a suit instituted in the name of the State to forfeit the charter of a corporation, and that considerable costs have accrued in the preparation of the case does not affect the right of the district attorney-general to dismiss it whenever he deems that the public interests demand that course. (*Post, pp.* 619-620.)

---

FROM SUMNER.

---

Appeal from the Chancery Court of Sumner County. —J. W. STOUT, Chancellor.

DISMUKES & BASKERVILLE, for Relators.

B. F. ALLEN and J. D. G. MORTON, for Turnpike Company.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This was a bill in the name of the State, by certain relators, asking a decree of forfeiture of the charter of the defendant corporation. Subsequently it was dismissed by the chancellor on petition of the attorney-general asking such order upon the ground that neither the public welfare nor the interests of the State of Tennessee required a further prosecution of the suit or the forfeiture of defendant's charter. This action of the chancellor is called in question by the relators, who have brought this case to this court by appeal.

This suit was instituted under the authority of subsection 4 of section 5165 of Shannon's Code, and it is conceded, and, if not so, it is nevertheless true, the State is an essential party to the proceeding; and, further, that the relators could not have used the name of the State for its prosecution save by the consent of the attorney-general, indicated by his signature to their bill. The contention of the appellants is, however, that, this consent having once been given, he has committed the State to its prosecution, and has thus exhausted all control over the suit.

It would seem, without the aid of the authority, that

this contention must be unsound. The State, in the first place, for the improvement of a highway in the interest of the public, granted this charter to parties proposing to build the turnpike in question. Not only are the rights exercised by the corporation derived from, but all the burdens borne by it are imposed by, the State. From these considerations we think it naturally would follow that the State alone should determine when it would enforce a forfeiture of the rights and privileges conferred by the charter.

It is true the proceeding may be set on foot on the "information of any person, upon such person giving security for the costs of the proceeding." Code (Shannon's), section 5169, but this must be done "in the name of the State and by the attorney-general of the district where instituted."

The effect of this section and those following bearing upon this remedy was considered in *State v. McConnell*, 3 Lea, 332. The bill in that case was filed by private counsel in the name of the State by a citizen as relator to try the title of the defendant McConnell to the office of judge of the circuit court, under the authority, it was claimed, of subsection 1 of section 5165 of Shannon's Code and 3409 of the old Code. It was neither signed nor sanctioned by the attorney-general for the State nor the attorney-general for the district. Upon demurrer assigning that such a bill would only lie in the name of the attorney-general, it was dismissed. Upon appeal the action of the chancellor was approved. In

the course of the opinion the sections of the act regulating the proceeding were examined by the court in connection with chapter 55, page 107, of the Acts of 1845-46, from which they were taken, and it was held that the suit contemplated by them must be brought by the attorney-general. In the course of the opinion it was said:

"The section does not say that the suit shall be brought by the relators, but on their information. The sense and gravamen of the two sections require by necessary implication the suit on relation to be by the same person as the suit when directed, and that person is the State's attorney-general. Beyond all doubt the suit provided for under these sections was intended to be a suit by the State to subserve the public interests, and this can only be obtained by having the State represented by its proper officer. . . . No good reason has been suggested or occurs why the new remedy given by the statute should not be controlled by the State, as was the old remedy which it was intended to replace."

This case expressly recognizes the right of the State to institute and also to control the suit after its institution. The reason why this continued control should be exercised is furnished by the court in "that the government, having created the corporation for the purpose declared in its charter, ought to have a voice in its destruction. It may waive a forfeiture, which the court only can declare."

State, ex rel., v. Turnpike Co.

It would fall far short of such control if, having once begun, it could not, at its discretion, discontinue the proceeding upon afterward discovering that it was improvidently brought, or upon the change of conditions that the public welfare would not be served in its prosecution. Its voice can only be heard in either regard through its representative, the attorney-general.

The mistake in the present contention is in the assumption that such a proceeding is in any sense a private suit. It is not so in the beginning, nor in the progress of the case does it ever become such. It remains as it began, the suit of the government; the relators, however, upon whose information it is instituted on their complaint, being liable for the cost.

This was the holding in *State, ex rel.,* v. *White's Creek Turnpike Co.,* 3 Tenn. Ch., 163, the decree in which case was afterwards affirmed by this court, and also by implication in *State, ex rel.,* v. *Campbell,* 8 Lea, 74. In *State, ex rel.,* v. *Agee,* 105 Tenn., 588, 59 S. W., 340, it was said that it followed from the principles settled in these cases:

"That the district attorney-general's consent is necessary to a continuance of such suit; that it must remain under his control during its prosecution, so that, should he find after its institution that the best interests of the State require its discontinuance, it is his right to move, and the duty of the court to order, its dismissal."

It is complained in the present case that the action of the court in its order of dismissal was invoked by

the attorney-general after a number of depositions had been taken and considerable cost had accrued. This may be a hardship upon the relators, inasmuch as they will be charged with the payment of these costs; still they assumed that peril when they instituted the proceeding, and, advised as they were by former opinions of this court of their frail connection with it and their want of all control over it, they have now no legitimate ground of complaint.

It has long been established by our cases that the ancient writ of *quo warranto* and the information in the nature thereof were not in force in this State, and at least since the McConnell case, supra, that the remedy here invoked was provided for by Act 1846, chapter 55, carried substantially into the Code in the sections one of which we have been considering. Being statutory, little, if any, aid, therefore, can be obtained by referring to text-books or cases from other courts. We therefore have confined our examination of authorities to those found within our own State.

Judgment affirmed.