STATE *ex rel.* HADWICK *et al. v.* A. C. VEST.*

(*Knoxville.* September Term, 1916.)

**QUO WARRANTO. Parties. Control over proceeding.**

In a proceeding by the State on the relation of private citizens, under Shannon's Code, section 5165 *et seq.*, to have declared forfeited the office of justice of the peace, the attorney-general of the State may not, even when acting with the concurrence of the governor, interfere with the discretion of the district attorney in respect to discontinuance, the legislature having lodged the power of discontinuance with the district attorney, as being presumably in closer touch with conditions surrounding the suit.

Acts cited and construed: Acts 1846, ch. 55; Arts 1915, ch. 11.

Cases cited and approved: State v. McDonnell, 71 Tenn., 332; State ex rel. v. Agee, 105 Tenn., 588.

Codes cited and construed: Sec. 5165 (S.); Sec. 1133 (S.).

FROM BRADLEY.

Appeal from the Chancery Court of Bradley County.—F. H. MERCER, Chancellor.

JOHN H. EARLY, WILLIAM HOWARD HAVEN and ALLISON, LYNCH & PHILLIPS, for appellant.

JOHN C. RAMSEY and JOHN L. SMITH, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an action brought in the name of the State, on relation of private citizens of the county of Brad-

*Upon the question of scope of discretion of public prosecutor with respect to institution of proceedings in nature of *quo warranto*, see note in 15 L. R. A. (N. S.), 603.

ley, by the district attorney-general under the provisions of Code (Shannon), section 5165 *et seq.,* to have declared the forfeiture of defendant Vest's office of justice of the peace of that county.

In the bill of complaint it is alleged, among other things, that Vest was elected by the county court, of which he was a member, a commissioner of the county poorhouse at a salary of $15 per quarter, and that he had received a quarter's payment, in claimed violation of the Code (Shannon), section 1133.

Before trial the district attorney filed in the cause an instrument, directing the dismissal of the suit, and withdrawing consent to the further use of his name in its prosecution. Prior to that the attorney-general for the State of Tennessee filed a petition praying to be allowed to intervene, and that the suit be thereafter prosecuted in the name of the State, on relation of F. M. Thompson, attorney-general for the State.

The chancellor granted this prayer. After the dismissal by the district attorney, Gov. Thomas C. Rye filed his petition, asking to be permitted to join in and concur with the attorney-general of the State in the due prosecution of the cause on relation of the latter.

The chancellor then ordered that the cause—"be hereafter prosecuted against said defendant in the name of the State of Tennessee by said attorney -general, Frank M. Thompson, for all the purposes sought by or prayed for in said original bill."

Defendant, Vest, duly raised the question that the power to institute and dismiss the suit was with the district attorney, whose discretion to discontinue may not be overridden by the attorney-general for the State even when acting with the concurrence of the gevernor.

The statute (section 5168) reads as follows:

"The suit is brought by the attorney-general for the district or county, when directed so to do by the general assembly, or by the governor and attorney-general of the State concurring."

The next Code section provides that such suit is also brought on information of any citizen, upon such person giving security for the costs of the proceeding.

We have, therefore, three sources from which the institution of the suit may be influenced—two by direction and the third on information. But the power and duty of bringing the suit as actor is upon the district attorney-general. Referring to the Acts 1846, chapter 55, upon which the Code provisions were based, the court said, in *State* v. *McDonnell,* 3 Lea (71 Tenn.), 332, 338, that the act, and equally the above Code section, clearly contemplates that the bill shall be filed by the district attorney-general, "whether it be by direction or on information."

In *State ex rel.* v. *Agee,* 105 Tenn., 588, 59 S. W., 340, which was a suit brought on information, on relation of citizens, it was held that the consent of the district attorney-general was necessary to the

continuation of such a suit; that it must remain under his control, so that, should he find, after its institution, that the best interests of the State required its discontinuance, it was his right to move its dismissal, and the court's duty to so order.

We, therefore, are of opinion that the attorney-general of the State may not, in a proceeding under these Code provisions, become actor, or interfere, as of power, with the discretion of the district attorney in respect of discontinuance. The legislature lodged the power with that official, who presumably is in closer touch with conditions that surround the bringing or continuation of such a suit.

We have not before us a case where the attorney-general for the State, with the concurrence of the Governor, has unsuccessfully directed the suit to be brought, prosecuted, or rebrought by such local law officer, or a question as to the duty of the district attorney on receiving direction, but the effort is immediately to sue or prosecute the suit as one brought in the name of the State attorney-general.

Of course, what is here said and ruled has no relation to the power and duty of the respective law officers under the Ouster law (Acts 1915, chapter 11).

The chancellor erred in the decree he passed. Reversed; the suit being treated as dismissed here as from the date of the district attorney's direction to that effect.