STATE *ex rel.*, COMPLAINANT, APPELLANT, *v.* J. J. WARD, DEFENDANT, APPELLEE.

(*Knoxville*, September Term, 1931.)

Opinion filed November 14, 1931.

RICHARD N. IVINS, for complainant, appellant.

H. M. CANDLER and STEWART & TAYLOR, for defendant, appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The petition was filed by citizens of McMinn County to have defendant removed from the office of justice of the peace. It is charged that he has occupied the office continuously since 1923 and ever since his election as a member of the county court has corruptly and unlawfully entered into various contracts with McMinn County, through its public road officials and the county board of education for grading and constructing public roads, in constructing school buildings, additions to school buildings, and furnishing lumber for schools and roads, and for the transportation of pupils to and from a consolidated school in the county.

Referring to the date, amount and number of each warrant, the petition discloses that petitioner has received sixteen county warrants, the last on September

20, 1930, that were issued to him by the county superintendent.

In addition, it is alleged that a number of illegal contracts were made by the defendant with the county through a son and a Mr. Henderson for which other county warrants were issued by the county superintendent. It is charged that defendant knew that such contracts, while occupying the office, were illegal, and that the name of his son, Jake Ward, was used to cloak his dealings with the county.

In the concluding paragraph of the petition, after referring to charges therein made, it is said that by reason of such willful and knowing misconduct on the part of said defendant that petitioners are entitled to relief under chapter 11, Acts of 1915, known as the Ouster Law. This last statement of the petition characterizes it as a proceeding under the Act of 1915 and not as a proceeding in the nature of a proceeding *quo warranto* under section 5165 of Shannon's Code.

Section 3 of the Ouster Act authorizes ten freeholders to institute the proceeding and that requirement was met in this case. The proceeding in the nature of *quo warranto* may be by information, but if by information it can only be presented by consent of the district attorney-general and at all stages of the proceeding is subject to his control. *State ex rel.* v. *Agee,* 105 Tenn., 588; *State ex rel.* v. *Vest,* 136 Tenn., 169.

Section 5171 provides that the proceeding under section 5165 shall be conducted as other suits in equity. *State ex rel.* v. *Robertson,* 5 Hig., 438, brought by the district attorney-general in the nature *quo warranto,* was tried as a suit in equity.

This proceeding is under chapter 11, Acts of 1915. It, too, is declared an equitable action by section 7 of

the Act, but by way of directing the course of practice and procedure it is declared that "the petition and answer shall constitute the only pleadings allowed and all allegations in the answer shall be deemed controverted, and any and all questions as to the sufficiency of the petition or complaint shall be raised and determined upon the trial of the case, and if such petition or complaint is held to be insufficient in form, the same shall be amended at once." *State, ex rel.* v. *Howse,* 134 Tenn., 74.

Contrary to the requirement of the Act, defendant interposed a demurrer in which rests the underlying propositions:

First. That the Acts alleged in paragraph 4 of the petition involved contracts made by defendant prior to his present term for which he cannot now be removed from office.

Second. That petitioners, by their failure to object when he was last inducted into office, are estopped from seeking his removal for the acts previously done.

Third. Because the petition shows that defendant did not contract with the county but that he contracted with the county board of education and the county road supervisor, distinct and separate entities from the county, and with whom he could legally contract.

Sections 1133-35 of Shannon's Code make it unlawful for any county or municipal officer to become interested in any contracts with any county or any municipality.

Article VII, section 1, of the Constitution declares that county officers, including justices of the peace, shall be removable from office for malfeasance or neglect of duty and clothes the legislature with power to prescribe the mode of procedure through which removal may be effected. The terms malfeasance and neglect of duty

are comprehensive terms and include any wrongful conduct that affects, interrupts, or interferes with the performance of official duty.

Before chapter 11, Acts of 1915, it seems that the only remedy for official malfeasance or neglect of duty was through indictment as at common law, followed by judgment of removal under Article V, section 5, of the Constitution.

As said in *State ex rel.* v. *Perkinson,* for a wilful violation of sections 1133-35, Shannon's Code, amounting to the corrupt abuse of official power, the contract forbidden by section 1133 could not be enforced and the officer might be indicted for official misbehavior. See *Robinson and Walker* v. *State,* 2 Cold., 183; *State* v. *Buxton,* 2 Swan, 57; *West* v. *State,* 14 Lea, 38.

And misconduct that would sustain an indictment under the common law would support a proceeding under the Ouster Law. *State* v. *Perkinson,* 159 Tenn., 442. The Ouster Act is remedial only and provides an additional and cumulative remedy. *State ex rel.* v. *Howse,* 134 Tenn., 75.

It is charged in paragraph 2 of the petition against defendant that he corruptly and unlawfully contracted with the county board of education and the county road supervisor. Also, that he secured these contracts corruptly through his official position as justice of the peace and member of the quarterly court. This charge is made in paragraph 10 of the petition, and in paragraph 11 it is charged that he did these things knowing that they were illegal. The petition calls for defense by answer, resting the issue on whether or not defendant was guilty of wilful misconduct (see 22 R. C. L., sec. 281, p. 570) in securing the contracts with the county board of edu-

cation, an agency of the county over which he could exercise influence under powers conferred upon him as a member of the quarterly court by section 9, chapter 115, Acts of 1925, to secure contracts contrary to section 1133 of Shannon's Code and the last paragraph on page 332 of the Act of 1925.

And whether or not he exercised his power as a member of the quarterly court to obtain road contracts with the county road supervisor contrary to section 1133 of Shannon's Code. *State ex rel.* v. *Groce,* 152 Tenn., 566, applying section 1133 of Shannon's Code to the employment of a justice of the peace to teach in the public schools was decided before the publication of chapter 115, Acts of 1925, in which a proviso was inserted that justices of the peace might be employed as teachers in the public schools.

The reception of evidence relating to acts done by defendant in his previous term would be controlled by the chancellor under the rule stated in *State ex rel.* v. *Howse,* 134 Tenn., 79; 22 R. C. L., sec. 279, p. 569, and 46 C. J., sec. 149, p. 986.

The decree of the chancellor is reversed and the cause remanded for answer and proof.