REYNOLDS *v.* CHUMBLEY *et al.*

(*Nashville*, December Term, 1939.)

Opinion filed February 3, 1940.

JOHN A. CHUMBLEY, of Manchester, for petitioner.

ROBT. L. KEELE, of Manchester, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

A petition or motion is filed in this cause by John A. Chumbley, solicitor for some of defendants and a defendant himself, whereby he challenges the authority of Robert L. Keele to act as solicitor or attorney in this case. The petition was dismissed by the chancellor and the petitioner has appealed.

The ground upon which the petition is based is that Robert L. Keele at the time the bill was filed, and at present, is County Judge of Coffee County and petitioner invokes section 9891 of the Code providing "No judge or chancellor shall practice law, or perform any of the functions of attorney or counsel, in any of the courts of this state, except in cases in which he may have been employed as counsel previous to his election."

The petitioner recognizes the existence of section 10224 of the Code, which provides "The county judge is not precluded from practicing in the supreme, chancery, circuit, and criminal courts of this state, but shall not act as counsel in any case going up from his court." The insistence is that section 10224 is unconstitutional, in violation of section 8 of article 11 of the Constitution, in that it makes an arbitrary and unreasonable discrimination between county judges on the one hand and chancellors, circuit judges and criminal judges on the other.

It is urged in behalf of Judge Keele that the petitioner is not adversely affected by the alleged discrimination, not being a chancellor, circuit judge or criminal judge, and is not entitled to complain. The chancellor likewise suggests that section 10224 of the Code, based on chapter 253 of the Acts of 1855-56, has been on our statute books for about eighty years, treated as a valid enactment during that time, and it is not now open to attack.

We will, however, waive these questions and consider the merits of the petitioner's contention.

It is true that county judges are regarded by the law as other judges in many particulars. Nevertheless there is a wide difference in the powers, jurisdiction and duties of a county judge and those of a chancellor, circuit judge or criminal judge.

As our judicial circuits and chancery divisions are fixed, the duties of our chancellors and circuit judges are onerous. Faithful performance of those duties quite generally consumes all the time of a chancellor or a circuit judge. Public interest does not permit of the diversion of the attention of a chancellor or circuit judge to the practice of law. On the other hand, the duties of a county judge in most of our counties are rather light and permit opportunity for other activities on the part of such official without detriment to the public service.

Statutes like section 9891 of the Code prohibiting a judge or chancellor from practicing law are in force in many of the States. One reason for such statutes is thus stated by Judge COOLEY:

"The law aims as far as possible, to give every man a trial that shall not only be fair, but as free as may be from any suspicion of partiality or undue influence. It is quite true that official position could not have any tendency to render the opinions or arguments of the counsel intrinsically any more sound or plausible; but when they were to be addressed to a jury whose members were accustomed to receive and obey the instructions of the counsel as a judge, it is not unreasonable to suppose that that circumstance may insensibly, in their minds, have given to them additional force and influence. Such an influence, even the best of jurors would have found it difficult sufficiently to be on guard against; quite as difficult, perhaps, as they would to throw off or lay aside such preconceived opinions of the merits of the

case as would have disqualified them as jurors. It cannot be said therefore, that this is a matter of indifference to the person on trial.'' *Bashford* v. *People,* 24 Mich., 244.

Juries are not a part of the county judge's tribunal and no official position nor habit of authority over jurors would give his words undue influence before a jury in the chancery, circuit or criminal court, or in his own.

Another reason justifying statutes such as section 9891 of the Code is suggested by the Supreme Court of Florida in the case of *Perry* v. *Bush,* 46 Fla., 242, 244, 35 So., 225. The reason is that a litigant would be deprived of the right to have his cases heard before the regular judge of his circuit or division, in whose choice the litigant had participated under the Constitution, whenever that judge was employed as counsel by the adverse party and thus rendered incompetent.

Such an objection to a county judge acting as attorney in any case could seldom be made. The county judge does not hear many litigated cases. The greater part of his work is clerical or administrative. In such cases as are litigated before him, the statute prevents his appearance as attorney therein on appeal.

While as stated before the law recognizes a county judge as a judge, the greater part of his duties are not judicial in character. Indeed most of his work is as financial agent of his county.

For the reasons stated, and others that might be stated, we do not think any arbitrary and unlawful discrimination was made in favor of county judges and against other judges of the State by section 10224 of the Code. We regard that enactment as constitutional and the decree of the chancellor dismissing the petition herein will be affirmed with costs.