## Hunter v. Jones.

*(Knoxville,* September Term, 1945.)

Opinion filed October 13, 1945.

CHAS. ALLEN WARD, of Chattanooga, for plaintiff in error.

ROBERT C. HUNT, of Chattanooga, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

In the general sessions court of Hamilton County, plaintiff, on November 15, 1944, filed a suit in forcible entry and unlawful detainer against the defendant, and on December 4, judgment was rendered for the plaintiff for possession of the property. Thereafter, on December 8, a motion for new trial was filed by the defendant, and on December 13, plaintiff was allowed to amend the original writ to sue for rent in the sum of $91.50. On December 16, judgment was rendered in favor of the plaintiff for $91.50, and the judgment of December 4, for possession, was affirmed. On December 18, defendant filed a motion for new trial and when this was overruled, on December 23 appeal was perfected by the defendant to the circuit court. On January 15, 1945, the circuit judge rendered judgment for the defendant. Thereafter, the plaintiff made a motion for new trial in which, for the

first time, he objected to the time in which the defendant had perfected his appeal from the general sessions court, alleging that section 7 of Chapter 6 of the Private Acts of 1941, as amended by section 4 of Chapter 37 of the Private Acts of 1943, was unconstitutional, since it allowed appellants from the general sessions court five days in which to perfect their appeals, contrary to the general law, Code section 9263. The motion for new trial was overruled, as was a subsequent motion in arrest of judgment, and the present appeal has been perfected.

The assignments of error make various statements of the single proposition that because defendant's appeal from the judgment of the general sessions court was not perfected for five days after its rendition, that it came too late, since it is insisted that this provision of the act creating the general sessions court of Hamilton County, and allowing five days for the appeal, is unconstitutional.

██ ██ We find no merit in these assignments for a number of reasons. First, the plaintiff filed his suit in the general sessions court, thereby asserting the validity of its jurisdiction, and he cannot thereafter be heard to complain of the act by which the court is created. *Collier v. Montgomery County et al.*, 103 Tenn. 705, 54 S. W. 989; *Vester Gas Range & Mfg. Co. v. Leonard*, 148 Tenn. 665, at page 673, 257 S. W. 395. Second, when the case came on for trial in the circuit court, plaintiff made no motion to dismiss the appeal, and submitted his rights thereon to the circuit judge without objection. He thereby waived his right to have the appeal dismissed. *School District No. 94 v. Gautier*, 13 Okl. 194, 73 P. 954; 15 C. J. 844; 21 C. J. S., Courts, sec. 109.

██ Finally, we think there is no merit in the attack on the constitutionality of section 7 of Chapter 6 of the

Private Acts of 1941, as amended by section 4 of Chapter 37 of the Private Acts of 1943, because the right which is given the Legislature by the Constitution to establish courts carries with it the right to make provisions for the procedure of the courts created. *Hancock* v. *Davidson County et al.*, 171 Tenn. 420, 104 S. W. (2d) 824.

All assignments of error are overruled and the judgment is affirmed.