BANDY *v.* STATE.

(*Knoxville*, September Term, 1947.)

Opinion filed October 18, 1947.

HOBART ATKINS, of Knoxville, LYLE BURROW, of Bristol, W. J. BARRON, of Morristown, and BANDY & BANDY, of Kingsport, for plaintiff in error.

NAT TIPTON, Asst. Atty. Gen., for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant was convicted of violating the provisions of Chapter 114 of the Private Acts of 1935 and given a fine. He has appealed in error here.

The Act referred to applies to Sullivan County and fixes civil and criminal penalties against any county official of that county who shall expend more in the discharge of his office than the amount provided for in a budget adopted by the quarterly county court.

The learned assistant attorney general states the following in his brief:

" . . . The writer of this brief is convinced of the unconstitutionality of Ch. 114, Private Acts of 1935, but since statutes may not be declared unconstitutional by consent (*Memphis St. Railroad* v. *Byrne*, 119 Tenn. 278, 286, 104 S. W. 460), the writer thinks it appropriate to set forth his reasons and to submit the question of the validity of the statute to the Court."

Sullivan County has no private act applicable to setting up a budget commission or requiring the quarterly county court to adopt such. Chapter 114 of the Private Acts of 1935 is a local or private statute applying to Sullivan County upon a population basis. The effect of this statute is that after a budget be adopted by the quarterly county court of Sullivan County and a county official exceeds such budget, he becomes liable for prosecution therefor, while in Washington County,

adjoining Sullivan, if the quarterly county court adopt a budget and any county official exceeds the appropriation for his department, no criminal prosecutions are leveled at him.

The defendant is county judge of Sullivan County. This statute singles out the county officials of Sullivan County and provides for criminal prosecutions as above stated, while no criminal prosecutions are provided in the remaining counties of the State, and, therefore, the Act contravenes Article 11, section 8, of the Constitution.

In *Darnell* v. *Shapard*, 156 Tenn. 544, 3 S. W. (2d) 661, the principles applicable to the validity of local or private acts were discussed and these tests were laid down:

1. Whenever an act primarily affects the county in its governmental or political capacity, it is valid.

2. However, if the statute in question primarily affects the citizens of any county in their individual relations, such classification must rest upon a reasonable basis, and if not, the statute is invalid.

In the instant case, the primary purpose is against the official overdrawing the budget. The present statute has its primary purpose against individuals and not upon the governmental nature of the county.

As to the police aspect of the case, no sound reason presents itself why the overdrawing of a budget in Sullivan County constitutes a greater offense to the public welfare of that county than it would be to the remaining counties of the State. No such reasonable basis presents itself in the instant case.

We are of opinion, therefore, that the Act in question is invalid and unconstiutional for the reasons stated, and the judgment of the court below is reversed.

All concur.