*STATE *ex rel.* BROOKS *et al. v.* EBLEN, COUNTY JUDGE.

(*Knoxville,* September Term, 1947.)

Opinion filed November 29, 1947.

---

*See Kivett v. Mason, page 558 supra.

R. H. WARD, of Kingston, and FRED F. FENNELL and J. W. STONE, both of Harriman, for appellants.

CASSELL & McDAVID and D. O. HARRIS, all of Harriman, J. RALPH TEDDER of Rockwood, J. F. LITTLETON, of Kingston, and HARRY JOYCE, of Wartburg, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Chapter 18 of the Private Acts of 1905 created the office of county judge of Roane County. The act was amended by chapter 190 of the Private Acts of 1911 so as to grant extensive judicial authority to this judge. By the express terms of the act he is made the fiscal agent of the county; performs all the duties of the chairman of the quarterly court; is empowered to issue all extraordinary writs to the same extent as Chancellors and Circuit Judges.

The present suit was instituted upon relation of twenty-seven taxpayers of Roane County by the filing of the petition in Chancery making defendant thereto Elmer L. Eblen, the county judge. This petition charges Eblen with the commission of grave malfeasances in office and prays that he be "ousted from office as county judge and fiscal agent of Roane County" if these charges are sus-

tained upon the hearing. Eblen demurred to the petition on the ground that the chancery court was without jurisdiction to grant any of the relief prayed. Relators moved to strike the demurrer on the theory that an answer is the only pleading allowed a defendant to a petition filed under the ouster law, Code section 1877 et seq., and moved for an order *pro confesso* because defendant had not filed such answer.

The Chancellor overruled both motions and sustained the demurrer on the ground that Eblen as county judge of Roane County under the aforementioned legislative act was a judge of an inferior court within the meaning of article 6, section 1 of the Constitution and, therefore, can be removed from this office only by the legislature; that, therefore, demurrer challenging the jurisdiction of the Court was proper notwithstanding the requirements of the ouster law.

 The first of the two questions presented on this appeal of the relators is whether the demurrer was a permissible pleading in view of the fact that the ouster law forbids any response other than an answer to a petition filed for the purpose of removing an unfaithful public officer. A number of code sections are referred to and discussed in the briefs, but the view we take of this question renders it unnecessary to consider them. Any official who can be removed by the Court under the provisions of the ouster law is not permitted to demur to the bill filed for the purpose of procuring such removal. The ouster law forbids any response other than an answer in such a case. Code section 1887; *State ex rel.* v. *Ward*, 163 Tenn. 265, 269, 43 S. W. (2d) 217. However, if the petition shows on its face that the officer sought to be removed is one whom the Court has no power to remove under the authority of the ouster law, then no matter how

true the allegations of the petition may be, the officer moved against may demur to the petition because he does not come within the provisions of the ouster law and is not, therefore, subject to its requirements as to pleadings. The ouster law expressly "except(s) such officers as are by the constitution removable only and exclusively by methods other than those provided in this article." Code section 1877. If, therefore, the Constitution forbids the removal by the Court of the county judge of Roane County, then that official does not come within the provisions of the ouster law and the prohibition thereof with reference to pleadings does not apply to him, and his demurrer would, in that event, be proper. Thus, this question of pleading will *ipso facto* be disposed of by determination of whether the chancellor had the authority to remove this county judge from office assuming the allegations of the petition to be true. That is the only other question presented on this appeal.

■■ It must, of course, be conceded that the Constitution withholds from the Courts the power to remove from office for official misconduct judges of courts created under the authority of article 6, section 1 of the Constitution. *Morrison* v. *Buttram*, 154 Tenn. 679, 686, 290 S. W. 399. It is equally well settled by numerous decisions of this court that a county judge is a judge who comes within that constitutional provision. *State ex rel. v. Link*, 172 Tenn. 258, 261, 111 S. W. (2d) 1024. We did not intend that our action in *Bandy* v. *State*, 85 Tenn. 190, 204 S. W. (2d) 819, decided at Knoxville in 1946 carry an inference contrary to the holding of the above cited cases and numerous others which might be cited to the same effect. Bandy as county judge was indicted and convicted for some alleged official misconduct. The judgment upon the verdict ordered Bandy removed from office. This

Court reversed that judgment on the facts without taking notice of the judgment of removal. We think counsel are in error in concluding that this lack of notice upon our part carried an inference that county judges did not come within the constitutional provision referred to. At any rate, such inference was not intended.

Relators seek to distinguish county judges from judges of other courts coming within the terms of this constitutional provision by the insistence that a county judge is only a county officer and is required to perform many duties which are not of a judicial character. In many particulars he is a county officer, but he is not merely a county officer. *Ledgerwood* v. *Pitts,* 122 Tenn. 570, 606, 607, 125 S. W. 1036, 1044, this Court, citing many supporting cases, said: ''It has been repeatedly held by this court that 'the county judge is a member of the state judiciary, and none the less so because certain special duties are annexed to his office, which, were they the whole of his duties, might constitute him a mere county officer.' ''

Distinction is sought likewise to be made because of the fact that the salary of the county judge is paid entirely out of the county treasury and because he is by the provisions of the statute permitted to practice law. County judges have never received payment of salaries from the state treasury. The provision in the Roane County act permitting the county judge to practice law is only a declaration of a privilege already granted to county judges by a statute enacted in 1855 and carried in code section 10224. This code section was held to be constitutional in *Reynolds* v. *Chumbley*, 175 Tenn. 492, 135 S. W. (2d) 939. It is, therefore, to be noted that both these facts by reason of which relators seeks to distinguish the instant case were facts necessarily before the

court each of the numerous times that this court has held county judges to come within the provisions of article 6, section 1. These authorities are conclusive and necessarily require the rejection of these insistences made by relators.

We find no error in the decree of the chancellor. It is affirmed with costs adjudged against appellants and the sureties on their bond.

All concur.