KELLEY *v.* BYINGTON *et al.*

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

JOHN L. WHITAKER, MARTIN SOUTHERN, W. CLYDE BUHL and R. R. KRAMER, all of Knoxville, for complainant.

CLYDE W. KEY, of Knoxville, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a suit under the Declaratory Judgments Act Code 1932, sec. 8835 et seq., instituted by a prospective litigant in the Court of General Sessions of Knox County against the clerk of that court, and the Attorney General of Tennessee, to test the constitutionality of section 4, Chapter 148, of the Private Acts of 1947. The defendant clerk demurred to the bill, which the chancellor overruled, thereby holding the Act invalid. Section 4 of the Act in question reads as follows:

"Be it further enacted, That before the commencement of any civil action, the plaintiff shall pay to the Clerk of said Court of General Sessions an amount sufficient to cover the fees for the issuance of the original warrant or summons, writs of attachment, replevin or unlawful and forcible entry and detainer, rendition of judgment, docketing and fees of the officers serving such process, such costs to be estimated by the Clerk of said Court. Before the issuance of any execution, or other process, or the performance of any additional service in the case, the plaintiff or the party seeking the same shall pay to the Clerk the fees therefor. Such payment made for Court costs shall be credited at once to the party paying the same and such costs paid as compensation for the service of officers shall become payable to them only after the return of process has been made. When, and in the event such costs are collected from the defendant, the plaintiff or the party entitled thereto, shall thereupon be refunded

the same; provided, however, that any resident of this State, who is eligible to take and subscribe the oath for poor persons, may, upon taking and filing such oath, commence and prosecute an action without prepayment of costs."

It will thus be seen that the amendatory Act in question requires individuals when instituting suits in the Court of General Sessions of Knox County to pay in advance the costs which will be incurred in such suits, when individuals may institute similar suits in like jurisdiction in any other county of the State without prepayment of costs. In other words, does the Legislature have the power to prohibit individuals from instituting suits in Knox County upon giving security for costs, when the right is given to the same or any other individual to institute suits in courts of like jurisdiction in any other county of the State upon the giving of such security?

Article 11, section 8, of the State Constitution reads in part as follows: "The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals, inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities, or exemptions, other than such as may be, by the same law, extended to any member of the community who may be able to bring himself within the provisions of such law."

The general law upon the subject of security for costs in instituting a suit is found in sections 8650 and 9075 of the 1932 Code. Section 8650 reads as follows: "The justice may, and the clerk shall, before issuing the summons or other leading process, require the plaintiff to enter into bond, with sufficient surety, conditioned to prosecute his suit with effect, or to pay such costs and damages as may

be awarded against him by the court having cognizance thereof, unless the plaintiff sue in *forma pauperis.*"

Section 9075 provides: "No leading process shall issue from any court without security being given by the party at whose instance the action is brought, for the successful prosecution of his action, and, in case of failure, for the payment of all costs and damages which may be awarded against him, unless in cases and instances specially excepted."

Section 10157 of the Code relates to the institution of suits before a justice of the peace and provides: "Before issuing original process in any civil action, the justice may require the plaintiff to give security for the prosecution of the action, or, if he is a resident citizen of this state, take the oath entitling him to sue without security."

The general law of this State provides that suits may be instituted and process issued upon the giving of security by the party at whose instance the action is brought, and the requirement for the prepayment of costs as specified in the Act here involved is contrary to the general law of this State.

In *State ex rel.* v. *Hamilton County,* 170 Tenn. 371, 95 S. W. (2d) 618, the validity of the statute which fixed minimum salaries for teachers in Hamilton County was attacked as being in conflict with the general law. Mr. Chief Justice GREEN, speaking for the Court, said, 170 Tenn. at pages 375, 376, 95 S. W. (2d) at page 619: ". . . Under the general law, by particular language, the counties of the state are made free to contract with their teachers as to compensation. Such is the general policy of the state, and it cannot be set aside as to one county unless such discrimination may be justified by some reason."

Again, in *Town of McMinnville* v. *Curtis et al.*, 183 Tenn. 442, 448, 192 S. W. (2d) 998, 1000, the Court, speaking through Mr Justice TOMLINSON, said: "These cases are not in the slightest in conflict with the well settled law that the legislature may constitutionally enact a special act affecting one particular county or municipality alone in its political or governmental capacity, provided such special act is not contrary to the provisions of a general law, applicable to all the counties or municipalities. In the latter event, the discrimination must be upon a reasonable basis. Otherwise, it is void."

In *State ex rel.* v. *City of Chattanooga*, 176 Tenn. 642, 144 S. W. (2d) 1096, the Court struck down a special act which required the City of Chattanooga to pay its public schoolteachers salaries above the minimum required by the general law, holding the act to be in conflict with Article 11, section 8, of the Constitution.

And in *Clark* v. *Vaughn*, 177 Tenn. 76, 146 S. W. (2d) 351, the Court held invalid a special act which provided for the creation of a Board of Election Commissioners for the City of Athens as being in conflict with the general law and violative of Article 11, section 8, of the Constitution.

There is no reasonable basis for a different statutory requirement for the circumstances under and by which an individual may institute a suit in one of the courts of lesser jurisdiction in Knox County than the statutory requirement for the circumstances under and by which an individual may institute a suit in a court of like jurisdiction in any other county of the State. The situation being covered by statutes of state-wide application, no sound basis exists for varying such state-wide requirements in a single county.

Appellant relies upon the case *Hunter* v. *Jones*, 182 Tenn. 698, 189 S. W. (2d) 825, wherein this Court declined to hold invalid the Act creating the General Sessions Court of Hamilton County because of a provision in that Act granting the party cast in that court five days within which to perfect an appeal to the circuit court. That decision can have no bearing on the question presented here, because there is no state-wide act providing for the time within which an appeal may be perfected from a Court of General Sessions in this State.

The Legislature may group the citizens of this State into different classifications or classify various areas of the State for the purpose of enacting legislation applying to such particular classifications, but such classifications must be placed upon a reasonable basis.

In *City of Memphis* v. *State ex rel.*, 133 Tenn. 83, 88, 179 S. W. 631, 633, L. R. A. 1916B, 1151, Ann. Cas. 1917C, 1056, the Court said: ". . . When an effort is thus made to distinguish and classify as between citizens, the basis therefor must be natural, and not arbitrary or capricious. The classification must rest on some substantial difference between the situation of the class created and other persons to whom it does not apply."

In *State ex rel. Grantham* v. *City of Memphis*, 151 Tenn. 1, 266 S. W. 1038, the Court had under consideration a special act requiring plumbers in cities of 25,000 or more inhabitants to pay a license fee and execute a bond. In holding such act to be unreasonable class legislation, the Court said 151 Tenn. at page 6, 266 S. W. at page 1039: "There is no reason why master plumbers, in cities or towns of 25,000 or more inhabitants should be required to pay a license fee of $25 . . ., while plumbers in towns of 24,000 inhabitants are not burdened with any of these obligations.

Appellant also relies on *Hancock v. Davidson County*, 171 Tenn. 420, 104 S. W. (2d) 824, to sustain the constitutionality of the Act here involved. Section 5 of the Act, Chapter 12, Private Acts of 1937, under consideration in that case provides: That before the issuance of any warrant in a civil case, the plaintiff shall execute a cost bond with good security in the sum of $25.00, or in lieu thereof, make a cash deposit with the clerk of not less than $2.50, or more than $25.00, to secure the costs, or take the oath prescribed for poor persons, and on motion, the Court may increase the security.''

In that case it will be noted that the statute there under consideration did not deprive the plaintiff of the right to execute a cost bond with security, nor did it require him to make a cash deposit as does the Act now under consideration. The Court said, 171 Tenn. at page 434, 104 S. W. (2d) at page 829: ''If the points here made against the act are hereafter properly urged by litigants affected, and the points should be deemed well taken, these sections (sections 5 and 6) of the Act could easily be elided. It is not possible to believe that the inclusion of either of the sections was a material consideration inducing the enactment of the statute. Section 5 amounts to nothing. By Code Sec. 10157 a justice of the peace may require a plaintiff to give security before issuing original process in a civil case. The court of general sessions, succeeding to the authority of the justice of the peace, may make a similar requirement.''

The decision in the *Hancock Case* is not an authority for sustaining the validity of the Act here involved. The section of the Act under consideration provides that immediately upon the filing of a suit in the Court of General Sessions of Knox County the clerk shall receive his costs; not only such as are incident to the filing of the suit

but those incident to the "rendition of judgment, docketing and fees of the officers serving such process;" i. e., he may receive fees many months in advance of the services which are to be compensated by such fees. No such provision is made for the receipt of fees by clerks of the Court of General Sessions in Davidson County or Hamilton County, or by the clerks of any other courts of this State. The general law sets out the general policy of the State in this situation and it cannot be set aside as to one county unless such discrimination may be justified by some sound reason, which does not appear in the present cause.

It results that we find no error in the decree of the chancellor and it is affirmed.

All concur.