WEAVER *v.* MAXWELL *et al.*

(*Knoxville*, September Term, 1948.)

(May Session, 1949.)

Rehearing Denied December 17, 1949.

CHARLES S. MAYFIELD, JR., and GEORGE E. WESTERBERG, of Cleveland, for complainant.

H. D. KERR and HARDWICK STUART, of Cleveland, for defendants.

V. F. CARMICHAEL, of Cleveland, for defendant, Frank Barger.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is a suit commenced by Weaver, appellee here, under the Declaratory Judgments Act, Code Section 8835 et seq. Two of the appellants, who were defendants below, to wit, Cunningham and Wade, are members of the Bradley County Election Commission. After the general election on August 5, 1948 these two commissioners delivered to Maxwell, defendant below and an appellant here, a certificate signed by them to the effect that in the aforesaid election he, Maxwell, had been elected a Justice of the Peace for the Fourth Civil District of Bradley County from the town of Cleveland. Based upon this certificate the Governor issued Maxwell a commission.

The bill filed by Weaver alleges that no election for this office was held in the August, 1948 election, and that the certificate and commission issued to Maxwell are void and do not vest him with any title to the office; that the issuance of the certificate is the result of a fraud and conspiracy upon the part of and between these two election commissioners and Maxwell.

The bill also alleges that complainant Weaver was elected to this office in 1942; that, since no election was held in August, 1948 he, Weaver, is the duly qualified, elected and commissioned Justice of the Peace of the

Fourth Civil District for the town of Cleveland, and that Maxwell's alleged illegal claim to the office is resulting in much confusion to the detriment of the public.

The prayer of the bill is that the Chancellor declare the rights and status of Weaver and Maxwell, respectively; that it be adjudged that no election was held for this office in the August election; that the certificate and commission issued to Maxwell be declared void; that Maxwell be enjoined from occupying the office and exercising its powers; that Weaver be declared the incumbent.

The defendants demurred to this bill on a number of grounds. One ground is that this is a suit in the nature of a *quo warranto* and was not filed by the District Attorney General, as required by law.

The Chancellor overruled the demurrer and entered a decree sustaining the charges of the bill; permanently enjoined Maxwell and declared Weaver to be the incumbent. Defendants have appealed and insist that their demurrer should have been sustained.

This bill contains every element of a suit in the nature of a *quo warranto*. Such a suit must be brought by the Attorney General for the district or county; Code Section 9339. The purpose of this requirement is "to 'subserve the public interest' ", *State ex rel.* v. *Agee,* 105 Tenn. 588, 59 S. W. 340, since such a suit is regarded as that of the State. *State ex rel.* v. *Turnpike Co.,* 112 Tenn. 615, 619, 79 S. W. 798. The provisions of the declaratory judgment law do not dispense with this requirement. Therefore, in our opinion the Chancellor should have sustained the demurrer.

The decree of the Chancellor is reversed, the demurrer is sustained, and the bill is dismissed with costs in all Courts adjudged against Weaver and the surety on his bond.

All concur.