690

TAYLOR THEATER, INC., *et al. v.* TOWN

OF MOUNTAIN CITY.

(*Knoxville,* September Term, 1949.)

Opinion filed February 10, 1950.

J. L. GRAYSON, of Mountain City, for complainant (appellee).

BANDY & BANDY, of Kingsport, for defendant (appellant).

Mr. Justice Tomlinson delivered the opinion of the Court.

By Code Section 11202, being a statute enacted in 1923, it is a misdemeanor to operate on Sunday for private gain any theatrical or motion picture entertainment. This code section was amended by Chapter 87 of the 1935 Public Acts so as to permit the governing legislative body of any municipality of the State to authorize by majority vote the operation of such theaters on Sunday within the boundaries of such municipality according to such proper regulations and rules as that body might adopt. Williams' Code Supplement 11202. This code section, as so amended, is, of course, a general law.

Our 1949 General Assembly by House Bill No. 1188, carried in the Public Acts of 1949 as Chapter 160, undertook to amend this general law by excluding from its operation counties having a population of not less than 12,990 and not more than 13,000 according to the 1940 Federal Census, and municipalities within such counties. The intention of the Act is to permit the operation of such theaters in such counties either within or without the boundaries of the municipality, Code Section 11202 notwithstanding, and to dispense with the necessity of such operation being authorized within any such municipality by its governing legislative body, Chapter 87 of the Acts of 1935 notwithstanding.

Johnson County alone comes within the population classification specified by this Chapter 160, Public Acts of 1949. The Town of Mountain City is a municipal corporation within that county. By reason of the enactment of this 1949 Act, Taylor Theater, a corporation engaged in the operation of a motion picture theater in the Town

of Mountain City, began to operate its theaters in that municipality on Sunday and charged admission. Thereupon, the Town of Mountain City filed the bill in this case for the purpose of procuring under Code Section 8835 et seq., a declaratory judgment as to the constitutionality of said Chapter 160 of the 1949 Acts. It is asserted in this bill that this Act is violative of Article 11, Section 8 of our Constitution in that it undertakes to suspend as to Johnson County and the municipalities therein, including Mountain City, the general law applicable to all other counties and municipalities of the State.

Taylor Theater demurred to the bill on the ground that Chapter 160, Public Acts of 1949, is constitutional. The Chancellor in a very able opinion which reviewed many of the pertinent decisions on the question held this statute to be in violation of Article 11, Section 8. Accordingly, the demurrer was overruled and the Taylor Theater held to be without authority to operate the theater in Mountain City on Sunday. The constitutionality of this 1949 Act is the determinative question made on this appeal by the Taylor Theater.

The Chancellor concluded his opinion in the case with this statement: "To uphold legislation exempting movie operators in Johnson County from compliance with the general law and from penalties for its disobedience, and removing complainant from the list of municipalities empowered by general law to pass on and regulate the showing of motion pictures on Sunday, would require the Court to conjure up some reason for this discrimination where it is patent that none exists, or has been suggested. This the Court cannot conscientiously do. It would judicially denude the constitutional restraint of

694

substance, which restraint it is the Court's high and ultimate duty to declare.''

■ It is stated in the brief submitted in behalf of Taylor Theater that: ''The value of entertainment and recreation in reducing the tension developed by our present mode of living has recently become recognized as extremely important. The shift worker and others who must keep irregular hours should not be denied recreational and entertainment facilities because their working hours are different from others. For this reason—and probably for many others—the Legislature has seen fit to relax its laws restricting entertainment on the Sabbath.''

However, we do not understand it to be insisted that there is any more reason for ''reducing the tension'' of the inhabitants of Johnson County and of its municipalities than there is of reducing the tension of the inhabitants of all other counties and cities in the State. Hence, we must conclude that this is no reason for the discrimination sought to be made by the statute in question.

■ Appellant's brief refers to the fact that the General Assembly ''has seen fit to relax this law (Code Section 11202) in several instances'' and refers to one Act undertaking to exclude counties of a population between 178,000 and 179,000 and of another act excluding counties of a population between 35,000 and 36,000, and still a third excluding counties with a population of between 14,120 and 14,140. Williams' Code Supplement, Section 11202. As observed by the Chancellor, these Acts are no argument either for or against the constitutionality of this Act the validity of which has been challenged, but the wide variance in the population of the counties referred to conclusively establishes it as a fact that the Legislature

did not consider the number of people in a particular county as being a reason for the discrimination.

It is necessary to conclude in this case that the Act under attack (1) deprives the municipalities of Johnson County of a privilege extended to every other municipality in the State by the general law in that it deprives each of the Johnson County municipalities of the right to determine whether it will permit the operation of moving picture theaters within its boundaries on Sunday, and of the right to regulate the operation within its boundaries of such entertainments on that day; and (2) confers upon the operators of motion picture theaters in Johnson County and its municipalities benefits and privileges withheld by the general law from such operators in all other counties and cities of the State; and (3) makes legal in Johnson County and its municipalities that which in all other counties and cities of the State under the general law is a misdemeanor punishable by fine and imprisonment.

No reason is made to appear for the above mentioned discriminations made by Chapter 160 of the Acts of 1949, nor can it be said that there is any reasonable basis for such discriminations whereby the general law is sought to be suspended in the particulars stated as to Johnson County and its municipalities and operators of theaters therein. The Act, therefore, is void in that it violates Article 11, Section 8 of our Constitution, notwithstanding the fact that its classification is upon a population basis, *State ex rel. Bales* v. *Hamilton County*, 170 Tenn. 371, 375, 95 S. W. 2d 618, and notwithstanding the fact that it affects Johnson County and its municipalities in a governmental capacity as well as conferring upon operators of moving picture theaters in such county

and its municipalities benefits and privileges withheld by the general law from such operators everywhere else in the State. *State ex rel. Bales* v. *Hamilton county, supra; Town of McMinnville* v. *Curtis et al.,* 183 Tenn. 442, 192 S. W. 2d 998; *Bandy* v. *State,* 185 Tenn. 190, 204 S. W. 2d 819; *Kelley* v. *Byington et al.,* 185 Tenn. 421, 206 S. W. 2d 409.

The decree of the Chancellor will be affirmed with costs adjudged against Taylor Theater and its sureties.

All concur.