THE STATE OF TENNESSEE ex rel.

*v.*

E. J. PARKER.

(*Nashville,* December Term, 1957.)

Opinion filed July 11, 1958.

HUGH HAILEY, Carthage, O'BRIEN & O'BRIEN, Springfield, for plaintiffs in error.

RUSSELL WRIGHT and JAMES A. DONOHO, Hartsville, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The original bill was filed in this cause in the Chancery Court at Hartsville by twenty citizens and taxpayers of Trousdale County, against defendant, E. J. Parker, County Judge, seeking to collect on certain warrants signed by him and payable to certain businesses of which he was financially interested, which transactions were alleged to be void and in violation of Sections 12-401 and 12-402 T.C.A.

There was a demurrer and an amended demurrer filed to the bill and this raises the question that the bill is attempted to be maintained by private citizens without the intervention of the District Attorney General, and the defendant relies upon the recent case of *State ex rel. Wallen v. Miller,* 202 Tenn., 498, 304 S.W.2d 654, 659.

It is insisted by the complainants that this case is not in point or controlling because the bill does not seek the removal of the defendant from office, and is not a *quo warranto* proceeding.

In the Miller case *supra,* the complainants prayed for a recovery for the use and benefit of Hamilton County, the amounts unlawfully paid Mr. Miller for the use of certain busses, he being chairman of the Board of Education of Hamilton County. The bills also sought to dis-

miss him from office, and was brought under T.C.A. Sections 12-401 to 12-402.

In *State ex rel. Wallen v. Miller, supra,* this Court said:

"In such an action the district attorney general has the option, if he concludes that the suit is improperly brought, to dismiss the action and the relators who sign the complaint on their relation are liable for the cost of the action as provided in the section of the Code last referred to. These relators assume that liability and the peril of being taxed with the cost any time that they bring a suit if the Attorney General deems the suit is improperly brought. *State ex rel. v. Red River Turnpike Co.,* 112 Tenn. 615, 79 S.W. 798; *State ex rel. Warner v. Agee,* 105 Tenn. 588, 59 S.W. 340; *State ex rel. Hardwick v. Vest,* 136 Tenn. 167, 188 S.W. 1143."

From the above it will be seen that if the district attorney general has the right to dismiss the suit at any stage when it appears to him that the suit is improperly brought, he would have the right to refuse to bring it in the first place, if he thought it was not in the interest of the public to do so.

The last amendment offered to the bill states that the petitioners approached the district attorney general and asked him to join in the petition in his official capacity, and he refused to do so, "saying that he did so because of the political complexion, in effect, of the matter."

■ Evidently, the attorney general thought it was a political matter, and that it was not in the public interest to bring the action, and we think this matter rested in the sound discretion of the district attorney general.

In *Newman v. U. S.*, 238 U.S. 537, 35 S.Ct. 881, 884, 59 L.Ed. 1446 it is said:

"That general public interest is not sufficient to authorize a private citizen to institute such proceedings; for if it was, then every citizen and every taxpayer would have the same interest and the same right to institute such proceedings, and a public officer might, from the beginning to the end of his term, be harassed with proceedings to try his title." *State ex rel. Wallen v. Miller*, 202 Tenn., 498, 304 S.W.2d 658.

In the case of *State ex rel. v. Ward*, 163 Tenn. 265, 43 S.W.2d 217, 218, this Court said:

"A proceeding in the nature of *quo warranto* to have declared forfeited a public office may be by information, but if by information it can only be presented by consent of the district attorney-general and at all stages of the proceeding is subject to his control."

The complainants rely especially upon *State to Use of Marion County v. Kelly*, 111 Tenn. 583, 82 S.W. 311, and *State v. Ridley*, 114 Tenn. 508, 85 S.W. 891. These cases are not in point. They were both prosecuted by the state revenue agent. The statute in question, or the right of citizens and taxpayers to bring a suit were not involved.

It results that we find no error in the decree of the Chancellor sustaining the demurrer and it is affirmed.

TOMLINSON, BURNETT and SWEPSTON, JUSTICES, concurring.

NEIL, CHIEF JUSTICE, not participating.