PEELER *et al. v.* LUTHER *et al.*

(*Nashville*, December Term, 1939.)

Opinion filed February 3, 1940.

F. S. HALL and FRANK FRAZIER, both of Dickson, for complainants.

R. L. PEERY, of Duck River, and W. L. PINKERTON and JAMES R. BROWN, both of Centerville, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit is in the name of the State on relation of Thurman Luther, Chairman of the Hickman County Highway Commission, who sues as such Commissioner and as a citizen, resident and taxpayer of Hickman County, for the use and benefit of the County of Hickman, seeking to recover from the defendants the

sum of $2,944.49, alleging that while the defendant Peeler was Chairman of the Hickman County Highway Commission and while the defendant Rial was a Justice of the Peace and a member of the Quarterly County Court of said County, they, dealing as partners, furnished and sold to the Hickman County Highway Commission a quantity "of lumber at prices largely in excess of the market value in the amount aforesaid." It was alleged that such sales and collections were illegal, contrary to public policy and a direct violation of Sections 1874-1876, inclusive, of the Code. It was also alleged that defendant T. J. Rial not only was at the time of the transactions complained of, but was at the time of the filing of the bill, an active member of the Quarterly County Court of Hickman County.

As originally brought, the suit was styled simply *"Thurman Luther, for the use of Hickman County,* v. *A. H. Peeler and T. J. Rial,"* but, upon the filing of a demurrer challenging the right to maintain the suit in this form, an amendment was asked for and granted by which the suit was styled as hereinbefore set forth. To the amended bill the defendants demurred upon the ground (1) that the suit brought in the name of the State for the use of Hickman County, as provided in Section 741 of the Code, should have been authorized by the Quarterly County Court of Hickman County, (2) for want of equity on the face of the bill; and (3) that Hickman County is a corporation and that the sole and exclusive authority to bring any suit for misappropriated revenues is in the County Court, and that any such suits can only be instituted legally by order of the Quarterly County Court of Hickman County, no such authority being shown on the face of the bill.

The Chancellor overruled the demurrer and permitted an appeal, and the sole question here presented is that above indicated, that is, whether or not a suit may be maintained without a showing that it has been authorized to be brought by the Quarterly County Court.

Counsel for the appellees rely upon the general rule that suits on behalf of corporations, including corporations of the public county class, to recover funds, or to remedy other wrongs, must be brought or authorized by the corporate managing or governing authorities, and may not be maintained by a stockholder of a private corporation or an unofficial citizen or taxpayer of a county. While recognizing that exceptions do exist to this general rule, counsel rely upon and quote this statement of the limitations upon the exceptions from 7 R. C. L., page 965, Section 39 (repeated in identical language in 14 Am. Jur., page 237):

"If a county has a plain cause of action for an injury done to it, which should be enforced for the protection of its citizens or taxpayers, and its governing board refuses to assert such cause of action, in some jurisdictions any citizen, by reason of his indirect interest, may sue, in behalf of himself and others similarly situated, the person against whom the cause of action exists, and thereby enforce the rights of the county. And likewise where an unjust and illegal burden is being imposed on the taxpayers by a county, or the money or property of the county, to replace which taxation must be levied, is being wasted or squandered, a taxpayer has such a direct interest that a bill to enjoin the threatened burden will lie."

The insistence of counsel is, in application of the quoted text, that (1) the right of recovery must be plain,

458

and (2) that the governing body must be shown to have refused to act. And they say that it does not here appear that the County Court of Hickman County has so refused.

The authorities cited in the note under the text above quoted do not altogether support the unqualified limitation to cases of refusal to act, used in the text. The two leading cases cited are from Wisconsin. *Land, Log and Lumber Co.* v. *McIntyre,* 100 Wis., 245, 75 N. W., 964, 69 Am. St. Rep., 915, and *Northern Trust Co.* v. *Snyder,* 113 Wis., 516, 89 N. W., 460, 462, 90 Am. St. Rep., 867. The opinions in both are written by MARSHALL, Justice, and both deal with the right of "a member of the corporation" to sue. In both cases the complainants were taxpayers suing to recover monies illegally withdrawn from the county treasury for the benefit of the county. In his opinion in *Trust Company* v. *Snyder, supra,* Judge MARSHALL, after stating the general rule that it is necessary to show that the governing authorities in a given case will not perform their duty, says that this showing may be made in either of two ways:

"By showing that they have neglected or refused to proceed after being requested so to do by some person or persons whose requests in that regard should be honored; or by showing, expressly or by necessary inference, that they are so concerned in the wrong to be redressed, and hostile to any vindication or attempt to vindicate the corporate rights, that it is reasonably certain that a request to them to proceed to that end by judicial remedies would be unavailing. Observations may be found in some legal opinions tending to convey the idea that a demand upon the proper corporate officers to enforce a corporate right of action, and their refusal so to do, regardless of circumstances, is a condition precedent to the right of a member of a corporation to stand

in their place and do their duty. Such is not the law. If it appears, reasonably, by all the allegations of the complainant, in a suit instituted by a member of a corporation in its right, that those persons in whom the duty and the primary right rests to represent it will not perform that duty, from any cause, a case is thereby presented, subject to proof, entitling an interested person, such as a taxpayer in case of a municipal or political corporation, to protect his right and that of all others similarly situated, by suing in his and their behalf, and presenting to a court for adjudication the cause of action of the corporation. *Doud* v. *Wisconsin, etc., Ry. Co.*, 65 Wis., 108, 25 N. W., 533, 56 Am. Rep., 620; *Franey* v. *Warner*, 96 Wis., 222, 71 N. W., 81; *Cunningham* v. *Wechselberg*, 105 Wis., 359, 81 N. W., 414; *Land, etc., Lumber Co.* v. *McIntyre*, 100 Wis., 245, 75 N. W., 964, 69 Am. St. Rep., 915; *Egaard* v. *Dahlke*, 109 Wis., 366, 85 N. W., 369.''

■■ In 14 C. J., at page 934, the question of excuse for failure to make demand is discussed with special application to private corporations generally and the right of stockholders to sue. This pertinent language is used:

''It is within the power of the court to decide in every instance upon the facts shown whether or not a request to bring suit would have been an idle ceremony; and in the exercise of this power the court is vested with considerable discretion. A demand upon the corporate authorities for redress of the grievance complained of may be dispensed with as a condition precedent in a stockholder's suit in behalf of the corporation, where it appears that such a demand would be useless and unavailing in that it either would be refused or if granted the litigation would necessarily be under the control of par-

ties opposed to its success. It need not be made where the corporation is under the control of the wrongdoers or of persons who are necessary parties defendant.''

This exception to the general rule requiring demand to be first made on the corporate management is recognized in Tennessee. See *McCampbell* v. *Railroad*, 111 Tenn., 55, at page 68, 77 S. W., 1070, 102 Am. St. Rep., 731, citing *Hawes* v. *Oakland*, 104 U. S., 450, 26 L. Ed., 827; *Detroit* v. *Dean*, 106 U. S., 537, 1 S. Ct., 560, 27 L. Ed., 300.

We understand counsel for appellants concede that such a suit may be brought in the name of the State, if authorized by the County Court, under Code, Section 741, reading:

''Suits for the use and benefit of any county in this state against any delinquent officer or his sureties, for moneys or funds due such county, shall be brought in the name of the State of Tennessee, for the use of the county for the benefit of which such suit may be brought.''

This is true because County funds are involved and the defendant is a ''delinquent officer'' of the County within the definition of that term, that is, ''one who has been guilty of some crime, offense or failure of duty.'' Volume 1 Bouvier Law Dictionary, page 825.

The insistence is, as above indicated, that it is not shown that the County Court, primarily empowered to sue, has refused to act. It will be seen from the authorities above quoted that this requirement is by no means absolute. We think enough appears here to justify the Chancellor, in the exercise of the discretion vested in him, in overruling the demurrer.

Two facts of cumulative significance are shown. In the first place, one of the defendants is an active member of the County Court, with the influential contacts which

this association assures. It is not unreasonable to assume that he is in position to prevent, or at least delay, the prosecution of this action against himself; that he could and would induce his associates not to act; and, further, that if they should authorize the bringing of the suit, "the litigation would be under the control of parties opposed to its success." C. J., *supra*, citing numerous cases. In the second place, the bill shows that the alleged misconduct had gone on over a long period without any action being taken by the County Court to stop it, or to recover the sums illegally withdrawn from the County Treasury. Nearly one and a half years elapsed between the date of the first illegal transaction and the bringing of this suit. Here is a strong indication of gross neglect on the part of the County Court, which we think justified the Chancellor in permitting this suit to be brought.

Moreover, it is plausibly argued for the appellee that the funds involved being County highway funds, the complainant, as acting Chairman of the Highway Commission, is authorized to prosecute this suit to recover a portion of these funds allocated by law to his charge. He is more than a private citizen and taxpayer, with an interest common to others in this class. Chapter 196, Private Acts of 1927, creating the Board of Highway Commissioners for Hickman County, provides in Section 1 that this Board shall "have general supervision . . . over all county roads," etc., and also of all "funds and revenues raised and on hand, or that may be hereafter raised, under the provisions of this Act." And, by Section 19, it is provided that this Board "shall have the power and authority to, whenever they deem it to the advantage and interest of the county in matters pertaining to public roads, etc., of the county, employ the

services of an attorney or attorneys, and pay a reasonable fee therefor," etc.

Being thus vested with "general supervision of these funds," and empowered to employ attorneys whenever necessary in the discharge of their duties, is it not reasonable to assume that this Board may, through its Chairman, take such legal action as may become "necessary" to protect, conserve and recover such of these funds as may be illegally diverted or abstracted? We hold that such action is particularly appropriate when it appears that action by the County Court, even if primarily vested with such authority, has been neglected and is embarrassed as herein shown. The decree of the Chancellor overruling the demurrer is affirmed and the cause remanded for further proceedings.