CRASS *et al. v.* WALLS.

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

JENNINGS, O'NEIL & JARVIS, of Knoxville, for appellant.

MOSES & TEMPLETON, of Knoxville, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The appeal in this case from the Chancery Court of Roane County was improvidently prayed and granted to this Court. We think the Court of Appeals has jurisdiction of the appeal for the following reasons.

The complainants, the State of Tennessee on relation of Crass and others, filed an original bill in the Chancery Court against the defendant, who was the mayor of the Town of Oliver Springs, seeking to recover certain sums of money which had been unlawfully paid him for services rendered as mayor and to dismiss him from office, also to adjudge him ineligible to hold said office for ten years. The suit is based upon the following Sections of the Code, 1874, 1875 and 1876, which provide:

1874. *"Public officers not to be interested in public contracts.*—It shall not be lawful for any officer, committeeman, director, or other person whose duty it is to vote for, let out, overlook, or in any manner to superintend, any work or any contract in which any municipal corporation, county, or the state, shall or may be interested, to be directly or indirectly interested in any such contract."

1875. *"Forfeiture of all payment and compensation.*—Should any person, acting as such officer, committeeman, director, or other person above referred to, be or become directly or indirectly interested in any such contract, he shall forfeit all pay and compensation therefor."

1876. *"Dismissed from office, etc.*—Such officer shall be dismissed from such office he then occupies,

and be ineligible for the same or a similar position for ten years."

Numerous cases based upon the foregoing Code Sections have been appealed from the lower courts from time to time, but without exception all such appeals were to the Court of Appeals. *Hope* v. *Hamilton County,* 101 Tenn. 325, 47 S. W. 487, was an appeal to the old Court of Civil Appeals and later was reviewed by this Court; *City of Knoxville* v. *Christenberry,* 147 Tenn. 286, 247 S. W. 98, was considered by the Court of Appeals and later reviewed by this Court on petition for certiorari. The same procedure was followed in *Peeler* v. *Luther,* 175 Tenn. 454, 135 S. W. (2d) 926; *Savage* v. *Mynatt,* 156 Tenn. 119, 299 S. W. 1043; *State ex rel.* v. *Ward,* 163 Tenn. 265, 43 S. W. (2d) 217; and *Cagle* v. *Benton County,* 181 Tenn. 235, 181 S. W. (2d) 1.

While this suit seeks a dismissal from public office, it does not involve the right to hold such office, hence this Court does not have jurisdiction under Code Section 10618. It seems to be the accepted practice, as shown by the foregoing decisions, that appeals in all cases based upon a violation of Code Sections 1874 et seq. should be to the Court of Appeals. An order will be entered transferring the case.