STATE OF TENNESSEE *ex rel.*

*v.*

J. W. STINE

(*Knoxville,* September Term, 1955)

(May Session, 1956)

Opinion filed June 8, 1956.

Rehearing Denied July 20, 1956.

R. BEECHER WITT, District Attorney General, Madisonville, VIRGIL F. CARMICHAEL, Cleveland, for relators.

562

J. Y. ELLIOTT, W. K. FILLAUER and H. D. KERR, Cleveland, for respondent.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

■ Due to the illness of its *de jure* County Judge, J. W. Stine was commissioned temporary County Judge of Bradley County, Section 17-222, T.C.A. The validity of this appointment was challenged by *quo warranto* proceedings instituted by the District Attorney General on relation of named individuals, section 23-2801 et seq., T.C.A. It was therein alleged that certain relevant statutes were unconstitutional. The prayer was that Stine be adjudged a usurper, and enjoined from assuming the office.

Stine's demurrer to this petition was sustained. Relators perfected their appeal, and have assigned errors with supporting brief, notwithstanding the fact that Stine resigned very shortly after the Court sustained his demurrer.

This Court was confronted with a similar appeal in State ex rel. *Wilson v. Bush,* 141 Tenn. 229, 208 S.W. 607, 608. There, the sheriff's term of office expired pending ouster proceedings. This Court, in dismissing the appeal, held that "the court cannot retain jurisdiction of an ouster suit where the defendant's term of office has expired, where nothing can be done upon decree here except to tax costs." For the same reason, the appeal of the relators in the instant case must be dismissed, Stine having surrendered his claim to the office.

When the trial court announced its action upon the demurrer, Stine moved the Court to (1) make Bradley County a party defendant, (2) adjudge that county liable for the compensation due the attorneys for their services in representing Stine, and (3) fix the amount of that compensation. Stine had employed these attorneys. From the action of the Court in overruling this motion Stine has appealed. The sole question thereby presented is whether Bradley County is liable for these fees.

██ ██ Bradley County is not liable unless there is a statute which, when strictly construed, imposes liability. This is because " 'Counties owe their creation to the statutes, and the statutes confer on them all the powers which they possess, prescribe all the duties they owe, and *impress all the liabilities* to which they are subject. (Emphasis supplied.) * * * and no doctrine is better settled in this state than that the power thus conferred must be strictly construed and exactly followed." *Burnett v. Maloney,* 97 Tenn. 697, 712-713, 714-715, 37 S.W. 689, 693, 34 L.R.A. 541.

The only statute relied upon by Stine in support of his contention,—and we know of no other which might be

relied upon at all,— is the one carried at Section 5-612, T.C.A., providing that:

"The judge or chairman of the county court shall have power:

"(1) If there be no county attorney, to employ and/or retain counsel to advise him and the members of the quarterly county court as to their legal rights as such members, to prepare and draft resolutions for passage by the court, and to represent the county either as plaintiff or defendant in such suits as may be brought by or against the county, except suits by the county to collect delinquent taxes, which counsel shall be entitled to a reasonable fee for his services and/or retention to be fixed by a majority vote of the members of the quarterly county court at one of its regular sessions, to be paid out of the county general fund."

Notwithstanding the sympathy of individual members of this Court for the position asserted by Stine in behalf of these attorneys, the Court can find no way to bring this case within the provisions of this code section. This is not a suit against Bradley County, or against Stine in his official capacity. It is a suit against him individually. It is one which was defended for the sole purpose of protecting what he considered a private right, to wit, the right to hold the office in question. Stine's assignments of error must, therefore, be overruled.

The decisions which have been cited and discussed in support of Mr. Stine's insistence are those in which the County was sued or an official of the county in his official capacity or in which there was a disagreement between different officials as to their respective jurisdictions,

powers and duties with reference to a particular matter or statute. Those decisions in the opinion of this Court are not in point.

We have decided the question presented by Mr. Stine's appeal notwithstanding the fact that the record (1) discloses that Bradley County has a county attorney, and (2) does not disclose that Stine or these attorneys have presented their claim to the Quarterly Court of Bradley County all as provided by the statute hereinbefore quoted.

To avoid the possibility of misconstruction in the future of our action within the premises, we think that an explanation should be made.

The county attorney and the quarterly court were both opposed to the position taken by Stine in this case. So, it was insisted by him that it would be useless to first appeal to the Quarterly Court. While we do not subscribe to the proposition that the Court would necessarily reject payment of these fees, if it considered the same to be a liability of the county, merely because the members of the Court disagreed with Stine's position, nevertheless, we have deemed it to be not inconsistent with proper procedure under the circumstances stated to decide the question presented by Stine's appeal.

The appeal of relators will be dismissed and one-half the costs of appeal shall be adjudged against them and their sureties. The judgment of the Circuit Court overruling the motion of Stine to adjudge Bradley County liable for the fees of the attorneys representing him in this cause will be affirmed. One-half of the costs of the appeal will be adjudged against him and his sureties.

## On Petition to Rehear.

The holding of the opinion heretofore released is that Bradley County is not liable for the fees earned by the attorneys for Mr. Stine in defending the *quo warranto* suit instituted against him. He files this petition to rehear, wherein he insists that this Court erred in holding that "this is not a suit against Bradley County, or against Stine in his official capacity. It is a suit against him individually". The petition also refers to the statute (quoted in the original opinion) authorizing the County Judge in certain instances to employ counsel to advise him, etc., as to his legal rights.

We are not able to supplement the reasoning in the opinion heretofore released for the conclusion reached, and about which the petition to rehear complains, further than to refer petitioner to the following texts and the cases to which those texts refer.

The text of 44 American Jurisprudence, page 102, section 23, is as follows:

"A proceeding in *quo warranto* against a public officer is for the purpose of determining whether he is entitled to hold the office and discharge its functions. It is not against the respondent officer in an official capacity for the purpose of establishing some official power, right, duty, or obligation attaching to the office or pertaining to the duties of a public official as such. Thus, the writ is directed to the person holding the office and exercising its functions rather than to the officer as such, * * *."

The text of 74 C.J.S., Quo Warranto, sec. 2, page 178, citing authorities, is this:

"* * * but a proceeding by information to try title to an office is personal as to the persons claiming the office, and in the sense that it is against an individual, rather than against an officer as such."

The statute authorizing the County Judge to employ counsel to advise him, etc. in certain instances as to his legal rights, duties, etc. necessarily refers to his legal rights as County Judge rather than to the question of whether he is the County Judge.

The petition also refers to the fact that whether Stine was County Judge was dependent upon the constitutionality of a certain statute; that the adjudication of the validity of that statute was a benefit to Bradley County. The fact that a county receives a benefit of this character by reason of litigation defended by an individual does not entitle the county to pay for the fees earned by the attorneys representing that individual. *Southern v. Beeler*, 183 Tenn. 272, 308 195 S.W.2d 857; *State v. True*, 116 Tenn. 294, 314, et seq., 95 S.W. 1028.

Judges were lawyers first. Lawyers ordinarily must support themselves and their families by the fees earned in consideration of services rendered. A no more unpleasant duty rests on a judge than that of being forced to hold that for valuable services obviously received the attorney is not entitled to be paid a fee by the party who benefited by reason of those services. But the law being what it is, and especially when it applies to a county, the Court has no choice other than to take the action it has taken in this case.

The petition to rehear is denied.