STATE of Tennessee, ex rel. Buddy
VAUGHN et al.,
Plaintiffs-Appellants,

v.

Randy WILLIAMSON,
Defendant-Appellee.

Supreme Court of Tennessee.

April 6, 1981.

F. Dulin Kelly and J. Randall Exum, Hendersonville, for plaintiffs-appellants.

James E. Walton, Springfield, for defendant-appellee.

OPINION

HARBISON, Chief Justice.

This action was instituted pursuant to T.C.A. §§ 12–4–101 *et seq.*, seeking to remove from office a public official and to require him to make restitution for violation of statutes governing public contracts. The relators appeal from dismissal of the action. They assert that jurisdiction of the appeal lies in this Court pursuant to T.C.A. §§ 8–47–101 *et seq.*, dealing with removal of public officers.

The latter statutes, generally known as ouster statutes, provide for direct appeal to this Court from the judgment of a trial court. T.C.A. § 8–47–123.

The present action does not fall under those statutes. *See State ex rel. Wallen v. Miller*, 202 Tenn. 498, 304 S.W.2d 654 (1957). Further, the statutes under which the present action was brought do not provide for direct appeal to this Court. Many years ago this Court held that jurisdiction of appeals under T.C.A. §§ 12–4–101 *et seq.* lies in the Court of Appeals rather than the Supreme Court. *Crass v. Walls*, 194 Tenn. 573, 253 S.W.2d 755 (1952).[1]

While in *State ex rel. Wallen v. Miller, supra*, the Court held that proceedings under T.C.A. §§ 12–4–101 *et seq.* were separate and distinct from those under the ouster statutes, in the course of the opinion the Court did state that they were in the nature of *quo warranto*. This statement was not made in the context of the allocation of appellate jurisdiction between the Court of

---

1. The *Crass* case was later reviewed on the merits by the Court of Appeals, with certiorari denied by the Supreme Court. *See* 36 Tenn. App. 546, 259 S.W.2d 670 (1953).

Appeals and the Supreme Court. It had to do with the procedure by which actions under the public contract statutes should be instituted in the trial courts.

T.C.A. § 16–4–108, generally allocating appellate jurisdiction between the Supreme Court and the Court of Appeals, provides for direct appeal to the Supreme Court of all actions in the nature of *quo warranto.* In view of that we have considered whether the Court in *Miller, supra,* in effect over-ruled *Crass v. Walls, supra,* without citing it. After consideration, however, we are of the opinion that the Court did not so intend. In designating actions under the public con-tracts statutes as being in the nature of *quo warranto,* it did not intend any reference to the method of their review on appeal. The *Miller* case itself had initially been reviewed by the Court of Appeals and was before the Supreme Court only by grant of a petition for certiorari.

Both before and since the *Miller* case, actions of this type have been regularly heard in the Court of Appeals on initial review. A number of such cases are pend-ing in that Court at the present time. Dur-ing its April 1980 term at Jackson this Court transferred several such cases to the Court of Appeals in reliance upon *Crass v. Walls, supra.*

Therefore, in view of what appears to have been a settled practice for many years, we are of the opinion that the present case should be transferred to the Court of Ap-peals for review and disposition of the is-sues presented on appeal.

FONES, COOPER, BROCK and DRO-WOTA, JJ., concur.