STATE of Tennessee, ex rel. Buddy
VAUGHN, et al.,
Plaintiffs-Appellants,

v.

Dan KING, et al., Defendants-Appellees.

No. 82–46–II.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 23, 1982.

Permission to Appeal Denied by
Supreme Court Nov. 1, 1982.

F. Dulin Kelly, Hendersonville, and William B. Vest, Hendersonville, for plaintiffs-appellants.

James B. Watson, Jr., Nashville, S.L. Swann, Springfield, Frank J. Runyon, Clarksville, Walton & Jones, Walker, Richert & Goodman, Springfield, for defendants-appellees.

## OPINION

CONNER, Judge.

The basic question here is whether private citizens can attempt by lawsuit to hold other private citizens accountable for their dealings with public bodies.

This action, seeking to recoup attorneys' fees paid from Robertson County public funds, stems from two election contests following the August 3, 1978, Robertson County general election. The former suits were brought against the Robertson County Election Commission and against defendants[1] Dan King, Charles Dorris and Russell Shedden individually. They challenged the right of Mr. King to hold the office of sheriff and of Messrs. Dorris and Shedden to be county commissioners. The two cases were consolidated and tried.

Defendant-Appellee law firms Walker, Richert & Goodman and Walton & Jones[1] were employed by defendant Michael Crawford, then acting chief executive officer of the county, to defend the county election commission in this litigation and in the subsequent appeal thereof. These attorneys also represented the individual defendants.

On February 19, 1979, Mr. Crawford authorized the payment of $7,875.00 from county funds to Walton & Jones and $7,150.00 to Walker, Richert & Goodman for legal services rendered in successfully defending the election suits at trial. Addi-

tional payments were authorized and made by Mr. Crawford on April 12, 1979, from county funds to defendant law firms in the respective sums of $2,870.00 and $1,190.00 for services on appeal. All of the fees were billed to the county by the respective attorneys and paid by Mr. Crawford. However, at the time of payment there had been no approval by the county commission.

Later, on May 21, 1979, the county commission, by budget amendment, transferred $20,000.00 to the election fund to cover the legal fees heretofore mentioned.

Subsequently, O'Brien Price, the Robertson County District Attorney General, brought this action upon information of ten taxpayers and citizens of that county to recover the attorneys' fees paid by Mr. Crawford to the defendant law firms. Named as original party defendants in addition to Mr. Crawford and the law firms were Messrs. King, Shedden and Dorris, the defendants in the former action.

In the instant litigation defendants King, Shedden and Dorris filed a motion to dismiss under T.R.C.P. 12.02[2] for failure to state a claim upon which relief could be granted. The motions were granted and there was no appeal. Walton & Jones and Walker, Richert & Goodman filed like motions which were also granted but plaintiffs have appealed as to these private attorneys. Mr. Crawford filed a motion for summary judgment pursuant to T.R.C.P. 56.02[3].

---

1. Hereinafter the parties will be referred to as at trial or by their names as abbreviated.

2. 12.02. How Presented.—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party, and (8) specific negative averments made pursuant to Rule 9.01. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined

with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to the claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

3. Rule 56 SUMMARY JUDGMENT 56.02. For defending party.—A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting

That motion was also granted, and plaintiffs have appealed.

It is the plaintiff's first assignment of error that the trial judge erred in granting Walton & Jones and Walker, Richert & Goodman's motion to dismiss. We disagree.

In our judgment the only way by which plaintiffs, as private citizens, could possibly have standing to sue is in *quo warranto* pursuant to T.C.A. § 29–35–101. That statute provides:

Grounds for action.—An action lies in the name of the state against the person or corporation offending, in the following cases:

(1) Whenever any person unlawfully holds or exercises any public office or franchise within this state, or any office in any corporation created by the laws of this state;

(2) Whenever any public officer has done, or suffered to be done, any act which works a forfeiture of his office;

(3) When any persons act as a corporation within this state, without being authorized by law;

(4) Or if, being incorporated, they:

(A) Do or omit acts which amount to a surrender or forfeiture of their rights and privileges as a corporation;

(B) Exercise powers not conferred by law; or

(C) Fail to exercise powers conferred by law and essential to the corporate existence.

■ Our supreme court has held in *Bennett v. Stutts,* 521 S.W.2d 575 (Tenn.1975), that private citizens cannot maintain a *quo warranto* action complaining of the acts of public officials unless the private individuals aver a special interest or injury not common to the public generally. *See also Ray v. Weaver,* 586 S.W.2d 828 (Tenn.1979); *State ex rel. Inman v. Brock,* 622 S.W.2d 36 (Tenn.1981); *Skelton v. Barnett,* 190 Tenn. 70, 227 S.W.2d 774 (1950); *Badgett v. Broome,* 219 Tenn. 264, 409 S.W.2d 354 (1966).

It is fundamental that plaintiff as a private citizen must show that he is adversely affected in some manner that is not common to all citizens to invoke the jurisdiction of this court. *Ray v. Weaver, supra* 586 S.W.2d at 830.

■ Plaintiffs here allege no injuries peculiar to them as a result of the alleged wrong of the defendants and we daresay there could be none. Thus, an essential element of a *quo warranto* cause of action is not present in the instant case. Despite plaintiffs' protestations to the contrary, this suit must be in the nature of *quo warranto.* There is no other basis for its filing upon the signature of the district attorney general.

More fundamentally, the plaintiffs have no standing to sue Walker, Richert & Goodman and Walton & Jones as attorneys for the election commission. A *quo warranto* action will lie in a proceeding complaining of the wrongful acts of public officials—not private persons. *Bennett v. Stutts, supra;* T.C.A. § 29–35–101, *supra.*

The plaintiffs rely upon *State v. True,* 116 Tenn. 294, 95 S.W. 1028 (1905), to establish their contention. In that case, a private attorney, Mr. True, was employed by the chairman of the county quarterly court to bring suit to prevent a misappropriation of public school funds. The chairman paid Mr. True a $1,000.00 fee, and the expenditure was subsequently approved by the quarterly court. The state superintendent of public instruction then filed suit against the quarterly court chairman and Mr. True to recover the attorney's fee. The applicable statutory provisions gave the state superintendent express authority to bring the suit. Stating that the chairman of the county governing body had no authority to institute the former lawsuit or to make or approve the payment of the legal fees, the writ required Mr. True to repay the $1,000.00.

Two important factors distinguish *State v. True* from the case at bar. First, the county court chairman had no statutory authority to take such action there. On the

affidavits for a summary judgment in his favor

as to all or any part thereof.

other hand, the state superintendent had clear authority to act to recover the wrongfully paid fee pursuant to Chapter 36 of the Acts of 1897.[4] Herein, there was an express statute which allowed "the county" to "furnish counsel" for the election commission. T.C.A. § 2–12–101 provides:

> 2–12–101. Commissioners—Appointment—Terms—Removal—Legal Representation.—
>
> .    .    .    .    .
>
> County election commissions shall be represented in legal proceedings as follows: If the legal proceeding names the county election commissioners as defendants and the lawsuit involves a municipal election, the municipality concerned shall furnish counsel to represent the commissioners. If the election involved in the legal proceedings is that of a county election, the county shall furnish counsel for the commissioners and if the election involved in the legal proceedings attacks a state law or presents a question concerning a state or federal election, the attorney general shall represent the commissioners either by his own staff or by such counsel as the attorney general may designate. The counsel furnished, whether by municipality or county, shall be that chosen by the election commission. If in order to properly discharge its duties the county election commission has to bring legal action against a county or municipality, the compensation for the commission's legal representation shall be borne by the county or municipality as the case may be.

In *Miller v. Washington County,* 143 Tenn. 488, 226 S.W. 199 (1920), attorneys filed suit to recover attorneys' fees for representing the county road commission in mandamus proceedings. One of the defenses raised was that there was no statutory authority to employ counsel by the commission as in *State v. True, supra.* The supreme court upheld the paying of the fee on the ground that the power to employ counsel was a necessary incident to the powers expressly conferred on the commission.

Moreover, the superintendent of public instruction became a plaintiff in the *True* case pursuant to his statutory authority. The suit was not brought, as here, on the relation of private individuals. The *True* case stands for the preposition that with statutory authority suit may be brought, but not for plaintiffs' position that private persons without statutory authority have standing. There is no parallel between the plaintiff in *State v. True, supra,* and those here.

The plaintiffs also rely on *State v. Stine,* 200 Tenn. 561, 292 S.W.2d 771 (1956). There the defendant, Judge Stine, was sued, but not in his official capacity as acting county judge, in an admitted *quo warranto* action. The supreme court held that the county was not liable for the attorney fees for the representation of Stine in his private capacity though he sought same relying on T.C.A. § 5–6–112(1), *supra.* That case is simply not persuasive here. In this case, Mr. Crawford appointed the defendant law firms to represent the election commission in their official capacity in defending the election contest suits. Further, in *Stine* it was the defendant who himself sought to claim attorneys' fees never paid. Here the fees were paid under color of authority by the county judge pursuant to T.C.A. § 2–12–101, *supra,* and that action was ratified by the county commission.

▮ Plaintiffs concede in their brief that the county judge can employ an attorney to defend the county election commis-

---

**4.** Sec. 6. Be it further enacted, That whenever it shall appear to the State superintendent from the report of county superintendent, or from other information, that any portion of the school fund has been lost, misappropriated or in any way illegally disposed of, or not collected, it shall be the duty of the State superintendent, and he shall have power to employ a resident attorney to look after the recovery and collection of such fund; and for his services in such behalf, said attorney may retain, out of moneys actually recovered and collected by him, not exceeding ten per cent. thereof; and in no case shall said attorney receive any pay for said services except his commission as aforesaid, retained out of moneys actually collected, accounted for and paid over by him to the officer lawfully entitled to receive the same.

sion; however, they claim that he cannot fix the compensation therefor. They cite T.C.A. § 5–6–112(1):

5–6–112. Powers as financial officer.—The county executive shall have power:

(1) If there be no county attorney, to employ and/or retain counsel to advise him and the members of the county legislative body as to their legal rights as such members, to prepare and draft resolutions for passage by the body, and to represent the county either as plaintiff or defendant in such suits as may be brought by or against the county, except suits by the county to collect delinquent taxes, which counsel shall be entitled to a reasonable fee for his services and/or retention to be fixed by a majority vote of the members of the county legislative body at one of its regular sessions, to be paid out of the county general fund;

We do not view this statute controlling here. T.C.A. § 2–12–101, *supra*, specifically gives to the "county" the power to hire attorneys to defend the county election commission in election contests. Where that authority is expressly given, it follows that the county judge, as the chief executive thereof, should be able to pay them. *See Miller v. Washington, supra.* We cannot view the general provisions of T.C.A. § 5–6–112(1) to dictate otherwise. As our supreme court has said in *State v. Stine, supra,* regarding the provisions of what is now T.C.A. § 5–6–112(1):

The statute authorizing the County Judge to employ counsel to advise him, etc. in certain instances as to his legal rights, duties, etc. necessarily refers to his legal rights as County Judge *rather than to the question of whether he is the County Judge.* (Emphasis supplied.) 200 Tenn. at 567, 292 S.W.2d at 773.

We do not believe that statute was ever intended to speak to the question of payment of attorneys' fees in election contests, especially when T.C.A. § 2–12–101 specifically does.

■ Even if T.C.A. § 2–12–101 were not controlling, we believe the ratification of Mr. Crawford's action by the county commission was valid, plaintiffs' contention to the contrary notwithstanding. Had Mr. Crawford been without authority to appoint the attorneys, the ratification, as in *State v. True,* would be void. *State v. True, supra,* 116 Tenn. at 309, 95 S.W. 1028. However, in a case such as this where the county executive is authorized to employ counsel for the county, the court may approve and ratify the action of the chairman. It is expressly conceded in *True:*

... that the Quarterly Court, in cases where it is authorized to employ counsel and bring suit for the County, may approve and ratify the unauthorized action of the chairman on doing these things.

We see no more basis for suit against the county executive than the private counsel. As previously stated, a *quo warranto* proceeding will not lie under the allegations herein. Despite plaintiffs' urgings otherwise, in our view there are no issues of material fact here left to litigate. Mr. Crawford's motion for summary judgment was properly granted. *Taylor v. Nashville Banner Publishing Co.,* 573 S.W.2d 476 (Tenn.App.1978).

This cause was properly dismissed as to all defendants. Plaintiffs are completely without standing. This action could be analogized to a situation where after an alleged wrong involving a third party dealing with a corporation, one of its shareholders attempts to sue the purported third party instead of allowing the board of directors or the officers to pursue the grievance. To condone such conduct would clearly be improper. To allow private citizens to question the propriety of the actions of elected and appointed government representatives by direct suit, absent express statutory authority, or proof of some interest special to them alone, in effect becoming the conscience of the public sector, would make the burden on government too great to allow the system to continue to function. The best and ultimate watchdog to assure that the people's rights are protected and that the taxpayer's money is being honestly and properly spent is the ballot box. To the extent public officials

are lax in these critical respects, they should be and usually are replaced. Our republic has survived in this fashion for over two centuries.

In view of our previous rulings, it is unnecessary for us to resolve the question raised by the defendants as to the validity of the appeal when the district attorney general did not join therein.

Accordingly, this cause is affirmed and remanded. Costs are taxes against the plaintiffs.

AFFIRMED AND REMANDED.

TODD, P.J., and LEWIS, J., concur.