William TRIGG, et al.
Plaintiffs-Appellees,

v.

Judge Leonard MANSFIELD, et al.,
Defendants-Appellants.

In re STATE of Tennessee, etc.
Plaintiff-Appellee,

v.

Stephen GRAHAM, et al.,
Defendants-Appellants.

Ralph C. SELLERS, et al.,
Plaintiffs-Appellees,

v.

Judge Leonard MANSFIELD, et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Middle Section.

Dec. 27, 1982.

Permission to Appeal Denied by
Supreme Court Feb. 28, 1983.

W. Howell Forrester, Wade, Forrester, Hays & Wallace, Pulaski, Raymond W. Fraley, Jr., Don Wyatt, Fayetteville, for plaintiffs-appellees.

Robert W. Stevens, Stevens, Bagley & Stevens, Fred I. Womack, Womack & Mason, Fayetteville, for defendants-appellants.

## OPINION

CANTRELL, Judge.

We granted an interlocutory appeal in this case under Rule 9 of the Tennessee Rules of Appellate Procedure to consider whether an action to recover money for the use of the county from allegedly delinquent county officers could be brought by citizens and taxpayers without the intervention of the district attorney.

This action was originally brought by ten taxpayers and citizens of Lincoln County in their own names against Leonard Mansfield, the County Executive of Lincoln County, his bonding company and Grady Wright, a former highway commissioner of said county, and his bonding company, to recover monies paid by the county for expenses and attorneys fees incurred in an ouster suit against Wright. The attorneys fees were paid to attorneys defending Wright in the action. The complaint alleged that the payments were made for and on behalf of Wright and that the county was not obligated to pay these fees and expenses and further that the county executive, Mansfield, knew or should have known at the time he signed the warrants involved, that the payments were for an illegal and improper purpose.

Subsequently, the style of the action was amended to read: "In re State of Tennessee for the use and benefit of all citizens of Lincoln County." The members of the county commission were added as defendants under allegations that they, after learning of the improper payment for and on behalf of Wright, failed to take any action to recover the unauthorized payment for the benefit of the county. The complaint was also amended to allege that an effort had been made to bring the action in the name of the district attorney general but that he would not join in the suit. The record does not show what reason he gave for his refusal.

The defendants all filed motions to dismiss on the ground, among others, that private citizens cannot sue without bringing the action by the district attorney general. The lower court overruled the motion holding that the presence of the district attorney general was not required in the action and this appeal resulted.

There are other issues raised in the brief of the county commissioners. However, it does not appear that the Chancellor passed

on those issues when he overruled the motion to dismiss. When we granted the interlocutory appeal, we did so solely for the purpose of examining the issue stated above. We will confine our examination to that question.

We are of the opinion that the Chancellor was correct in overruling the motion to dismiss.

Unlike quo warranto which, in general, is used to test the right or title to office and to remedy usurpation or abuse of franchises, T.C.A. § 29–35–101, and to which the district attorney general is a necessary party, T.C.A. § 29–35–109; this is an action of a distinctly different character. This action is brought in the name of the state for the use and benefit of the county against allegedly delinquent public officers and is provided for and sanctioned by T.C.A. § 5–1–106:

> Suits for the use and benefit of any county in this state against any delinquent officer or his sureties, for moneys or funds due such county, shall be brought in the name of the state of Tennessee, for the use of the county for the benefit of which suit may be brought.

Our decisions have held that such actions may be brought by private citizens and taxpayers. *Bayless v. Knox County,* 199 Tenn. 268, 274, 286 S.W.2d 579, 582 (1955); *Peeler v. Luther,* 175 Tenn. 454, 459–60, 135 S.W.2d 926, 928 (1940).

The action authorized by T.C.A. § 5–1–106 has been described as analogous to a shareholder's derivative action. 175 Tenn. at 459–60, 135 S.W.2d at 928. The taxpayer is thereby given statutory authority to recover money from a delinquent county officer. 199 Tenn. at 274, 286 S.W.2d at 582. The money recovered does not benefit the individuals that institute the suit, but instead accrues to the advantage of the county. *Id.* It therefore follows that the county, and not the taxpayers, is the real party of interest in this suit.

Our decision herein is not at odds with our recent decision of *State ex rel. Vaughn v. King,* Tenn.App. (filed August 23, 1982 at Nashville), in which we said:

> To allow private citizens to question the propriety of the actions of elected and appointed government representatives by direct suit, *absent express statutory authority,* or proof of some interest special to them alone, in effect becoming the conscience of the public sector, would make the burden too great to allow the system to continue to function. The best and ultimate watchdog to assure that the people's rights are protected and that the taxpayer's money is being honestly and properly spent is the ballot box. To the extent public officials are lax in the critical respects, they should be and usually are replaced. Our republic has survived in this fashion for over two centuries. (emphasis added)

*See also State v. Parker,* 204 Tenn. 30, 32–33, 315 S.W.2d 396, 397 (1958) (district attorney general is a necessary party in a *quo warranto* proceeding.) The Court, in *State ex rel. Vaughn,* an action to recover attorneys fees from the *private* individuals to whom the fees had been paid, specifically held that the suit was one in *quo warranto.* We agree that the district attorney general is the party by whom a *quo warranto* action should be brought absent arbitrary or capricious action or an abuse of discretion by the district attorney in refusing to bring the action. *See Bennett v. Stutts,* 521 S.W.2d 575 (Tenn.1975).

We think this is an action described in T.C.A. § 5–1–106 and, therefore, may be brought in the name of the State of Tennessee for the use of the county by citizens and taxpayers of the county.

It should be kept in mind that we have pretermitted all other questions except the question which prompted us to grant the Rule 9 appeal. All other questions relating to the sufficiency of the complaint are unresolved and may be examined by the lower court, or this court if a further appeal is necessary.

The decision of the trial court is affirmed and the cause is remanded to the Chancery

Court of Lincoln County for any further necessary proceedings. Tax the costs on appeal to the appellants.

TODD, P.J. (M.S.), and LEWIS, J., concur.