METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY ex rel. Mary M. ANDERSON, Plaintiff/Appellee,

v.

Richard FULTON and George E. Barrett, Defendants/Appellants.

Supreme Court of Tennessee, at Nashville.

Nov. 18, 1985.

Rehearing Denied Dec. 16, 1985.

Fyke Farmer, Nashville, for plaintiff/appellee.

William F. Howard, Acting Director of Law, Metropolitan Government of Nashville & Davidson County, Nashville, for Mayor Fulton.

Charles R. Ray, Linda A. Ross, Nashville, for George E. Barrett.

OPINION

HARBISON, Justice.

This action was instituted in the Circuit Court of Davidson County, Tennessee on

August 2, 1983. It was brought by the Metropolitan Government of Nashville and Davidson County, Tennessee on relation of Mary M. Anderson, who was not otherwise identified in the original complaint. By an amendment it was alleged and later admitted that she is a private resident and taxpayer of Nashville, Davidson County, Tennessee. No other relationship between her and the subject matter of the lawsuit appears, nor does it appear by what authority she purported to bring a civil action on behalf of the Metropolitan Government.

The complaint as amended is quite brief. It alleges that Richard Fulton was the Mayor of Metropolitan Government. By resolution of the Metropolitan Council adopted July 18, 1980 the Mayor was authorized to employ special counsel to investigate claims by Metropolitan Government for alleged illegal bid-rigging. Counsel so employed was authorized to collect for the Government all damages suffered as a result of such illegal conspiracies "by legal action or otherwise" together with all incidental costs.

The complaint alleges that appellant Fulton thereafter employed appellant Barrett as special counsel for the Metropolitan Government "on a contingency-fee basis, he to be entitled to be reimbursed out-of-pocket expense."

Attached to the answer of the appellant Fulton is the text of the ordinance which verifies these allegations. Originally the ordinance authorized compensation to the attorney so employed if he were unsuccessful in collecting his fees from the entities involved in the illegal conspiracies. Under those circumstances his fees were to be determined by the Mayor, the Director of Law, and Director of Finance and approved by the Metropolitan Council.

The provision concerning fees, however, was deleted by amendment and instead the ordinance expressly authorized the Mayor to employ counsel "on a contingency fee" but the attorney was to be reimbursed for his actual expenses in all events.

The complaint alleges that during the next year and one-half Barrett, with the approval of Mayor Fulton, recovered through settlements from various companies a total of $1,520,000, and that he was paid fees out of these settlements amounting to one-fourth thereof.

It was alleged in the complaint that the attorney's fees were not approved by the Council as required by the Metropolitan Charter, and it was also alleged that the settlement agreements were not approved by the Council and therefore were not binding on the Metropolitan Government.

It was alleged that the attorney's fees received by Barrett were excessive for the services rendered. It was also alleged that the facts concerning the actions of the defendants Barrett and Fulton had been well publicized and were generally known. The complaint stated that the Metropolitan Council had failed to take any action with regard thereto and that therefore an appeal to it to bring suit to obtain refund of the fees would be futile.

The complaint sought judgment against Fulton and Barrett individually for the amount of the fees, together with interest and punitive damages.

As previously stated, the only amendment to the complaint was a short allegation concerning the residence and citizenship of Mrs. Anderson. Her right to maintain this action for the amount of the attorney's fees, therefore, depends entirely upon the allegations of her brief complaint.

On behalf of Mayor Fulton an answer was filed interposing as defenses failure to state a claim upon which relief could be granted and lack of standing or capacity to sue. The answer also pointed out failure of the complaint to specify the real party in interest. The answer denied all averments of wrongdoing and sought dismissal of the action.

On behalf of Barrett motions for judgment on the pleadings and for summary judgment under Rules 12 and 56, T.R.C.P., were interposed. These motions also challenged the standing of the plaintiff, charged bad faith in the bringing of the

suit, laches, and failure to demonstrate any violation of the Metropolitan Charter.

The only section of the Metropolitan Charter cited in the complaint is § 8.607, which deals with the employment of special counsel for the Metropolitan Government. This can only be done by resolution of the Council, which may authorize the Mayor to employ special attorneys. Any such special counsel is to be paid a fee for his services as determined by the Mayor, the Director of Law and the Director of Finance and approved by resolution of the Council.

■ As stated previously, the resolution of the Council under which Barrett was employed by Fulton expressly approved retention of counsel on a contingency fee contract. The pleadings show that this was done, and since the Council approved this arrangement, we are of the opinion that the complaint does not show a violation of the Metropolitan Charter. Nothing in the charter indicates that the Council could not authorize the employment of counsel to bring an action or to seek collection of funds for the Government on a contingency basis.

The complaint also alleges that the Council did not approve the settlement agreements made with the firms accused of illegal conspiracy. The complaint cites no provision of the Metropolitan Charter nor any ordinance requiring such approval.

While the Tennessee Rules of Civil Procedure permit brief, concise pleadings, they do have some specific requirements. Among these is Rule 8.05(1) with reference to pleading violations of statutes, ordinances or regulations. The rule provides:

"Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged. The substance of any ordinance or regulation relied upon for claim or defense shall be stated in a separate count or paragraph and the ordinance or regulation shall be clearly identified."

Since the complaint does not cite any charter, statute, regulation or ordinance requiring approval of settlements by the Metropolitan Council, the alleged failure of the Council to approve the settlements in question adds nothing to the claim for repayment of attorney's fees.

Since neither the Charter nor the authorizing resolution requires any further approval of contingent fees by the Council after it has expressly authorized the employment of an attorney under such a contract, the allegation that the Council did not subsequently approve the fees likewise does not demonstrate a violation of the charter or of the resolution.

Every aspect of this complaint was challenged from the outset. There was ample opportunity to amend it before the defensive motions were ruled upon, but no amendment was tendered.

The complaint was dismissed by order of the trial judge entered October 24, 1983. With the case in that posture, on November 23, 1983 counsel for plaintiff filed a motion to alter or amend the judgment, stating that a genuine issue of fact existed as to whether the payments of fees to Barrett were approved by the Metropolitan Council as required by the Charter. The motion, which is also in the form of a brief, sought an amendment to the complaint but only for the purpose of allowing recovery of fees and expenses to plaintiff's attorney in this action.

While this motion was pending, counsel for plaintiff, for the first time, and when the suit stood dismissed for lack of standing, undertook to file a motion for summary judgment in favor of the plaintiff on the issue of liability. The trial judge denied both the motion to amend the complaint to seek counsel fees and the motion for summary judgment. He dismissed the action for lack of standing. The Court of Appeals reversed on that issue but pretermitted appellee's claim for summary judgment.

In our opinion this claim is entirely without merit. It was filed at a time when the action was dismissed and was pending on post-trial motion to alter or amend. A lengthy conclusory affidavit was filed by the relator, making wide-ranging accusations of conflict of interests between the Mayor and Barrett, none of which were alleged in the complaint. Those allegations have been pursued in this Court with the suggestion that recovery should be permitted against the Mayor and Barrett for violation of statutes prohibiting contracts by public officials in which they have a personal interest. T.C.A. §§ 6–54–107, –108 and T.C.A. §§ 4–1–101, –102.

The action was not brought under those statutes nor did it seek any relief thereunder. It was brought strictly on the theory that the Metropolitan Charter and the authorizing resolution had not been complied with and on the ground that the fees charged were excessive. The complaint, and plaintiff's right to maintain it, must stand or fall on those allegations. The motion for summary judgment by the plaintiff on the issue of liability is without merit and was properly disallowed by the trial judge.

While we find that the complaint was substantively without merit, we are also of the opinion that the trial judge correctly held that the relator has shown no standing to maintain it. As previously stated, no statutory authority has been invoked. Plainly it cannot stand as a *quo warranto* action, no attempt having been made to have the action brought by the District Attorney. *See* T.C.A. §§ 29–35–101 to –121. Private citizens may not maintain a *quo warranto* action without first showing that the acts of public officials affected a special interest or caused them loss not a common injury to the public generally and may not do so unless the District Attorney has unreasonably or improperly refused to bring the suit. *See Bennett v. Stutts*, 521 S.W.2d 575 (Tenn. 1975).

Insofar as the suit against Barrett is concerned, the case is controlled by *State ex rel. Vaughn v. King*, 653 S.W.2d 727 (Tenn.App.1982). There private citizens sought to recover on behalf of the county certain fees paid to private attorneys for representing county officials in litigation. The attorneys had been employed by the County Executive pursuant to statutory authority, and payment of their fees had been approved by him. The Court of Appeals correctly held that the private citizens and taxpayers bringing the action had shown no standing entitling them to proceed.

With respect to the defendant Fulton, the allegations of the complaint are likewise insufficient to show standing by Mrs. Anderson as relator. The suit is not brought by the State of Tennessee or any of its officials pursuant to the general provisions of T.C.A. § 5–1–106, permitting suits for the use and benefit of counties against delinquent officers or their sureties. While such actions have occasionally been permitted by private individuals, this has been done only under limited and special circumstances, none of which appear here. In *Trigg v. Mansfield*, 648 S.W.2d 946 (Tenn. App.1982) the Court of Appeals permitted such a suit to proceed in the name of the State of Tennessee, where members of the county commission were also joined in the action and it was alleged that after learning of improper and unauthorized payments they failed to take any action.

Cited in the *Trigg* case as authority for permitting such suits by private citizens were the cases of *Bayless v. Knox County*, 199 Tenn. 268, 286 S.W.2d 579 (1955) and *Peeler v. Luther*, 175 Tenn. 454, 135 S.W.2d 926 (1940).

Special circumstances were shown in those cases that do not appear in the present complaint. In the *Peeler* case, *supra*, it was alleged that one of the defendants to the action was an active member of the county legislative body which would have had to authorize the action. The Court also emphasized that the plaintiff was a county official, acting as Chairman of the County Highway Commission, so that he had standing to bring the suit in his official capacity. In the *Bayless* case, *su-*

*pra*, demand had been made upon the county legislative body to bring the action and it had refused.

In the present case the allegations of the complaint clearly show that no demand was ever made upon the Metropolitan Council to question the fees paid to Barrett, and it is clear that neither Barrett nor Fulton were members of the Council. There is no allegation that either of them was in any position to influence its action or to deter it from taking any action which it thought appropriate.[1]

In the *Peeler* case, which seems to be a primary authority for the institution of suits by private citizens under T.C.A. § 5-1-106, the plaintiff was a county official in addition to being a private citizen. Further the Supreme Court simply held that the trial court, "in the exercise of the discretion vested in him," [2] could have dispensed with the requirement that demand be made upon the County Commission to bring the action. The case does not hold that that requirement be waived in all cases, and indeed it is an exceptional case where such requirement should be waived. Certainly the trial judge was not required to waive it in the present case upon the mere conclusory allegation that a request to the Council to take action, if corrective action were in fact needed, would have been "futile". The defense motions admit that no action was taken, but they do not admit the conclusions of the pleader. Nor does the complaint contain the allegations of misconduct by Fulton and Barrett later asserted in the affidavit supporting the motion for summary judgment. As previously stated, the complaint is confined to alleged failure of the Council to approve payment of the fees under the authorizing resolution and under the Metropolitan Charter.

There are numerous statutory provisions authorizing the maintenance of suits for alleged public wrong, most of them authorizing the institution of suits by specified individuals or public bodies. Situations in which private citizens can bring a suit challenging the actions of public officials are quite limited, and necessarily so. Otherwise the conduct of public affairs simply could not proceed. The many Tennessee cases on this subject were collated and discussed in detail by this Court in *Badgett v. Rogers*, 222 Tenn. 374, 436 S.W.2d 292 (1968) and need not be reviewed here. Generally before a private citizen or taxpayer can maintain such an action, the plaintiff must show a special interest, status or wrong, which is not common to the body of citizens as a whole. There is no such averment in the present case.

In limited and special situations involving illegal taxation or diversion of public funds from stated purposes, suits by private citizens have been permitted. In most such cases, it is a prerequisite that prior demand be made upon a public official or public body to take action. Only in very exceptional circumstances will that prerequisite, in the discretion of the courts, be waived and then only when it appears that one of the accused public officers would have had to take the corrective action or would have been intimately involved in doing so, or would have been seriously embarrassed by the action.[3] There is no such allegation in the present case with respect to the Metropolitan Council. The allegations of the complaint therefore, in our opinion, are insufficient to show standing by the private individual who attempted to bring this suit.

Accordingly we are of the opinion that the motion to dismiss for lack of standing filed on behalf of Mayor Fulton is well

1. The Metropolitan Charter, § 8.607, permits the Council to authorize the Vice-Mayor to employ special legal counsel where the interests of the Council so require, independently of the Mayor or of any other members of the Executive Department.

2. 175 Tenn. at 460, 135 S.W.2d at 928.

3. "In cases where the suit would be antagonistic to the interest of the officers of the corporation, or the circumstances such that it cannot be brought and directed by such officers without serious embarrassment to them, they are improper parties to bring the suit, and no demand on them is necessary." *Burns v. City of Nashville*, 142 Tenn. 541, 574, 221 S.W. 828, 837 (1919).

taken, and that the trial judge properly sustained it as well as the motion filed by defendant Barrett.

The judgment of the Court of Appeals is reversed and the suit is dismissed at the cost of appellee. The cause is remanded to the trial court for collection of costs accrued there.

COOPER, C.J., and FONES and BROCK, JJ., and CANTRELL, Special Justice, concur.