**NUMBER 13-14-00684-CR**



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**EUGENIO VALDEZ,**                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

---

**On appeal from the 377th District Court
of Victoria County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, Eugenio Valdez, challenges his conviction for aggravated assault with a deadly weapon, a second-degree felony enhanced to a first-degree felony by two prior felony convictions. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West, Westlaw through Chapter 46 2015 R.S.). Valdez contends that (1) we should ignore his lack of a timely

objection to the prosecutor's opening statement, and (2) the prosecutor's opening statements improperly referenced Valdez's failure to testify. We affirm.

## I. BACKGROUND

On April 17, 2014, a Victoria County grand jury indicted Valdez for aggravated assault with a deadly weapon. *See id.* Valdez's sole argument on appeal centers on the opening statement of the prosecutor, which reads in pertinent part:

> January 18, 2014, it's approximately 2:00 in the morning. The evidence is going to tell a story of three individuals—three individuals that are covered in blood. Only two of those three individuals remember what happened and only one individual is responsible for the entire incident. So, where did this begin? The evidence is going to show that Lorenzo Gonzales, Jr., and Lisa Lopez met Eugenio Valdez at the Coyote Bar.

According to the State, witness testimony would prove beyond a reasonable doubt that Valdez assaulted Gonzales. Valdez did not object at any point during the State's opening arguments. The jury found Valdez guilty and assessed a punishment of ninety-nine years' imprisonment, and no fine. This appeal ensued.

## II. FIFTH AMENDMENT ISSUE

We first address Valdez's preservation argument.

### A. Failure To Preserve Error

To preserve error for appellate review, a party generally must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); *see Garcia v. State,* 887 S.W. 2d 862, 877 (Tex. Crim. App. 1994) (overruling the appellant's claim that the State improperly commented on the appellant's failure to testify because the defense did not object and preserve the error). The timely-objection requirement applies to claims that the State improperly commented on a defendant's invocation of his Fifth Amendment right to silence. *See Cockrell v. State,* 933

2

S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that a defendant's failure to object to a jury argument forfeits his right to complain about the argument on appeal).

Valdez admits that his defense counsel lodged no objection to the prosecutor's remarks at trial. However, Valdez argues that we should modify existing law with respect to his failure to object to the State's remarks because the right to remain silent at trial is fundamental to the justice system. Valdez asserts that if we require an objection in order to preserve this error for appellate review, we will encourage unconstitutional remarks by the prosecution in future trials.

The Texas Court of Criminal Appeals has already decided that the timely-objection requirement applies to the type of claim Valdez brings here. *Garcia,* 887 S.W.2d at 862. Even if we were free to depart from *Garcia*, we would reject Valdez's argument because the timely, specific objection requirement serves two important purposes: "1) to inform the judge of the basis of the objection and give him the chance to make a ruling on it, and 2) to give opposing counsel the chance to remove the objection or provide other testimony." *Garza v. State,* 126 S.W.3d 79, 82 (Tex. Crim. App. 2004); *see Moore v. State,* 999 S.W. 2d 385, 405 (Tex. Crim. App. 1999) (observing that courts require objections in order to preserve claims of error because a judge's instructions to the jury to disregard have sufficient force to cure the damage done by the comment in all but the most blatant examples).

Here, Valdez did not object at any point in the State's opening argument. *See Cook v. State,* 701 S.W.2d 597, 599 (Tex. Crim. App. 1984*).* Therefore, we conclude that Valdez waived any claim of error on this issue by failing to object during the trial court proceedings. *See id.*

3

### B. Validity of Opening Statement

Even if Valdez had preserved error, we would reject his argument that the State improperly referred to Valdez's failure to testify.

#### 1. Applicable Law

The United States Supreme Court has held that the Fifth Amendment forbids either comment by the prosecution on the defendant's silence or jury instructions by the court that such silence is evidence of guilt. *Griffin v. California,* 380 U.S 609, 615 (1965). Neither the trial judge nor the prosecution may comment on the defendant's failure to testify. *See id.* If the judge or the State comments on the defendant's failure to testify, then they violate the defendant's right against self-incrimination. *Cruz v. State,* 225 S.W.3d 546, 548 (Tex. Crim. App. 2007).

An improper prosecutorial comment on a defendant's failure to testify occurs if the comment is "manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Id.* Moreover, to find a violation, we must find that the prosecutor made more than an implied or indirect allusion to the defendant's silence. *Cook,* 701 S.W.2d at 599. The improper remark must either have referred to the defendant's failure to testify or called the jury's attention to the absence of evidence that only the defendant's testimony could have provided. *Nowlin v. State,* 507 S.W.2d 534, 536 (Tex. Crim. App. 1974). We view the State's offending language from the jury's standpoint to determine if the comment clearly refers to the defendant's failure to testify. *Cruz,* 225 S.W.3d at 548. We must analyze the context in which the State made the comment in order to determine whether the language was improper. *Id.* No word or phrase in particular signals an improper

4

prosecutorial argument. *Id.* We must evaluate any objectionable statement on a case-by-case basis. *Id.*

### 2. Analysis

In the present case, the State's opening statement made no direct reference to Valdez's failure to testify. To the contrary, the opening statement described what the prosecutor expected the State's evidence to show: only two individuals remembered what happened on the morning of January 18th and only one individual, Valdez, was responsible. Furthermore, the opening statement did not refer to evidence that only Valdez could provide because the "other two individuals" (Gonzales and his girlfriend, Lisa Lopez) were going to testify that Valdez was responsible for stabbing Gonzales. The prosecutor also planned to call a police officer to the stand to testify that Valdez made a statement to the police on the night of the attack in which he told them that he did not remember what happened.

In a proper and valid opening statement, the State may describe to the jury the nature of the accusation and the facts that the State expects to prove during the trial. *See* TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(3) (West, Westlaw through Chapter 46 2015 R.S.); *Johnston v. State* 230 S.W.3d 450, 457 (Tex. App.—Fort Worth 2007, no pet.) (holding that the prosecutor's opening statement was proper as a statement of facts that the prosecution in good faith expected to, and did, prove). The prosecutor's implication that one individual out of the three who were present did not remember the events of that night does not suggest that Valdez would not testify. The prosecutor's opening statement centered on provable facts based on the police officer's testimony. *See Johnston,* 230

S.W.3d at 457. Thus, the State did not imply that there was evidence that only Valdez could provide because the police could provide Valdez's statement.

Additionally, Valdez argues that the prosecutor implied that he would not testify due to an inability to recall the event. However, as we have already held, the prosecutor's remarks do not actually imply that Valdez will not exercise his right to testify at trial. Despite Valdez's inability to remember, Valdez nonetheless could have testified on behalf of his character or addressed the biases of the witnesses who testified against him. An inability to recall the events of the night in question did not preclude Valdez from testifying in court. The prosecutor's opening argument simply informed the jury about relevant facts that the State later introduced into evidence at trial. Therefore, we conclude that Valdez did not establish that the prosecutor commented on his failure to testify thereby violating his Fifth Amendment rights. *See Griffin,* 380 U.S at 615.

### C. Summary

Under the facts of the case, we hold that (1) Valdez did not submit a timely objection to the State's opening statement sufficient to preserve error, and (2) the prosecutor did not reference Valdez's failure to testify. We overrule appellant's sole issue.

### IV. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of June, 2015.